Joseph R. Williams, Appellant, *v.* Almet E. Bishop et al., Appellees.

### APPEAL FROM BOONE.

It is too late to object on error that there was no formal order directing a feigned issue, and that the court had, without such order, considered the finding of the jury.

The real character of a transaction and the true intention of the parties may be inquired into, in reference to a sale of land, to ascertain whether a loan of money only, or a sale, was intended.

On the trial of feigned issues the chancellor may order several new trials, until his conscience is satisfied; and he may determine the case contrary to the finding.

This decree was ordered by J. G. Wilson, Judge, at the December special term of the Boone Circuit Court.

S. A. Hurlbut, for appellant.

W. T. Burgess, for appellees.

Scates, J.   Defendants filed this bill to redeem a mortgage on two lots in Belvidere, in which they allege that E. D. Bishop, their ancestor, executed a deed of conveyance, absolute upon its face, to plaintiff, and took a title bond reciting a resale to him, and upon payment of a certain sum that plaintiff should convey the premises.   Plaintiff answered, denying that the conveyance and bond were given as a mortgage, but that the conveyance was absolute, and that the bond was for a distinct, separate sale by plaintiff to E. D. Bishop, and that there was no loan of money.   A replication was filed, and the parties stood at issue upon the fact, whether these transactions amounted to a mortgage.

To aid in the determination of this question, a feigned issue

was made of this fact, and sent to a court of law for trial. A jury was impanelled, who found the issue in favor of the defendant; and this verdict, with the evidence before the jury on the trial, were returned into the court of chancery, without any accompanying certificate from the judge of the court of law, whether he was satisfied with the trial and verdict. A motion was made for a new trial before the chancellor, on the grounds of improper instructions, newly discovered evidence, and that the finding was contrary to the weight of evidence. This motion was denied, and a final decree rendered in accordance with the finding, upon the evidence in the cause.

This cause is brought here by appeal, and the denial of this motion, as also the finding of the court, and the rendition of the final decree, are assigned for error, together with another, that there was no order of the court directing the feigned issue, and that the court had, without such order, considered the finding of the jury under the feigned issue.

It is too late to object on error here for want of a formal entry of an order directing a feigned issue to the inspection and consideration of the verdict upon it. The plaintiff made it up and signed it by counsel, appeared in the court of law, and examined and cross-examined the witnesses, asked instructions, and after the return of the verdict here, made and was heard upon a motion for another trial, and again upon the final hearing ; and during all these proceedings, no objection is made on account of a want of such order. In one point of view we might treat it as being considered by his consent; possibly it might be so regarded under the English practice, as brought in by consent. But I find no case, nor could one well exist under the English system. Their courts and judges are separate. No court of law would likely receive and try such an issue, unless it came duly authenticated from the proper court. Here the jurisdiction only is separated. The same individual sits as common law judge and chancellor in the same court, and at the same time; and may, as convenience suits, call up the law or chancery causes. This, of necessity, supersedes some, and may dispense, as is done in practice, with many of the English rules of chancery practice. Sitting as chancellor, he might enter a feigned issue, and order its trial; and as common law judge, immediately call a jury and try it. The record is very informally put together, and is not certified as containing all that was done. But we think there is nothing substantial in the objection.

The instructions were all correct, and need not be set out. The real character of the transaction and the true intention of

the parties may be inquired into, and shall govern, notwith-
standing they may have adopted the form of an absolute con-
veyance and bond for resale. And if such a transaction was
really a loan, and these instruments were executed to secure it,
it is a mortgage; and once a mortgage, it so continues. Miller
et al. *v.* Thomas et al., 14 Ill. R. 428.

The new trial should have been granted, and for several
reasons.

On the trial of feigned issues touching the inheritance, courts
of chancery frequently direct another trial, in analogy to the
rule of law, allowing several trials in ejectment, 2 Daniell's
Ch. Pl. & Pr. 1312, though it be not a matter of right. But as
these trials are to inform the conscience of the court, and do
not settle and bind the rights of the parties, the chancellor will
order them until he is satisfied. Ib. 1307, 1312; Stace *v.* Mab-
bot, 2 Ves. R. 552.

There is, therefore, a distinction between motions for new
trials at law, and on these feigned issues out of chancery, the
latter not being so strict as the former. 2 Daniell's Ch. Pl. &
Pr. 1306.

Again, new trials may here be granted where the finding is
against the weight of evidence, Ib. 1307; for the verdict should
be satisfactory to the chancellor.

In this case the weight of evidence appears to us against the
finding, for no witness testifies to a positive knowledge of the
transaction as a loan, and none to any such statements or ad-
missions of the parties. While, on the contrary, one witness
heard both parties admit that it was a *bonâ fide* sale absolute,
and a resale. Van Alst *v.* Hunter, 5 Johns. Ch. R. 154.

Again, the new trial ought to have been granted, on account
of new and important evidence discovered after the trial. This
evidence, it seems to us, must go far towards determining the
issue. No fault can be attributed to the diligence of the plain-
tiff in not discovering this sooner. Although the witness was
known, and had been inquired of as to his knowledge, and
communicated nothing important to be called for, he gives as a
reason, that this matter did not occur to him as important until
he learned, after the trial, the true grounds of the issue between
the parties. He states that the contract of repurchase as recited
in the bond was made several days after the sale, conveyance,
and delivery of the deed, and was no part of the first contract.
So important a fact to the issue should be before the jury; nor
should we feel that great weight was due to that finding,
if this evidence was produced on final hearing, and not before

them·; for the chancellor may determine the case contrary to the finding. O'Connor *v.* Cook, 8 Ves. R. 536.

New trials may be granted on appeal. Van Alst *v.* Hunter, 5 Johns. Ch. R. 154; 2 Daniell's Ch. Pl. & Pr. 1314.

We will not, under the conclusion we arrive at, review the final decree upon the merits, but reverse it, and order a new trial of the feigned issue.

Decree reversed, and cause remanded.

*Decree reversed.*