## JACOB REIGARD

*v.*

## HENRY McNEIL.

1. MORTGAGE—STATUTE OF FRAUDS—*whether a deed absolute on its face is a mortgage.* It has been repeatedly held that deeds, in form absolute, may be shown to be mortgages in fact. Courts are not estopped from looking into

Syllabus.      Statement of the case.

the facts and circumstances of such a deed, to ascertain whether it was not intended as a mere security for a loan of money.

2. And parol evidence is admissible to show the transaction to be of that character.

3. And where a party acquires the legal title by purchase at a sheriff's sale of land under execution, in pursuance of a parol agreement with the judgment debtor that he is to hold the title thus obtained as a security for a loan of the money paid to relieve the land from the judgment lien, and that he will re-convey when the money is refunded, the case is not distinguishable from any other where the deed, though absolute in terms, was designed simply as a security for a loan.

4. SAME—*once a mortgage always a mortgage—subsequent purchasers.* The rule is of general application, in a court of equity, once a mortgage always a mortgage. So a purchaser from one holding in that character, with notice, will be treated as a mortgagee, simply.

5. Nor will the fact that the subsequent purchaser obtained the possession of the premises from the original owner, by artifice or otherwise, change the relation of the parties.

6. AGENCY—ESTOPPEL. Where a party obtains a conveyance of land in his own name, paying his own money for it, but professing to act as the agent of another, he will be estopped from denying his agency. He will hold the title for the benefit of his principal, and as a security for the money advanced.

7. MASTER'S REPORT—*when it must be first excepted to.* If exceptions are not taken to a Master's report in the court below, it can not be questioned in the appellate court.

APPEAL from the Circuit Court of Stephenson County; the Hon. BENJAMIN R. SHELDON, Judge, presiding.

This was a suit in chancery instituted by Henry McNeil in the Circuit Court of Ogle County, against Jacob Reigard.

The cause was removed into the Circuit Court of Stephenson County, upon change of venue. The object of the bill was to have a conveyance, absolute in form, declared to be a mortgage, and to redeem therefrom. The circumstances connected with the transaction were, substantially, these: Henry McNeil being the owner of a tract of land in Ogle County, and desiring to pay off certain judgments which were liens upon the prem-

ises, applied, through the agency of his son, Thomas McNeil, to Richard McGoon for a loan of money for that purpose. McGoon agreed to loan him the money. The land had been sold under an execution issued upon one of the judgments, and in order to redeem from that sale, McGoon took an assignment of the remaining judgments, sued out execution, a sale of the premises was had and McGoon became the purchaser, paying something over $1500 in discharging the liens upon the land. The arrangement between McNeil and McGoon was, that the latter should become the purchaser at the sheriff's sale and hold the title as security for the loan, agreeing to execute a bond to McNeil for a re-conveyance upon the payment of the money. It happened that the sheriff did not execute the certificate of purchase at the time of the sale, nor did McGoon then execute the bond. Subsequently, however, McGoon obtained a sheriff's deed for the premises, but never gave the bond to McNeil for a re-conveyance; so the agreement in that regard rested entirely in parol.

After a time, McNeil desiring to change the loan into other hands, at a less rate of interest, applied to Jacob Reigard for that purpose. Reigard agreed to loan him the money, and, according to an understanding among all the parties, McGoon conveyed the land to Reigard, the latter agreeing to execute a bond to McNeil for a re-conveyance when the money should be paid; but no bond was ever given.

Reigard soon after obtained the consent of McNeil that certain tenants who were upon the premises, should take new leases from the former, he agreeing to apply the rents which he might thereby receive, upon the debt of McNeil. The leases were changed accordingly, and Reigard collected a considerable amount of rents.

Finally, McNeil applied to Reigard for a re-conveyance of the land, offering to pay the balance due upon the loan after deducting the rents received by the latter. But he refused to permit the redemption, claiming to own the land in fee.

Thereupon McNeil instituted this suit in chancery against Reigard, asking that the transaction be declared a mortgage, and that he be allowed to redeem therefrom, and that an account of the rents received by Reigard be taken, and the amount, when ascertained, be applied upon the debt.

A reference was made to the Master to take an account of the rents and profits, and he reported that Reigard had received $470 33 more than was due him. The court below found the transaction to be a mortgage, and rendered a decree against Reigard for the sum reported by the Master to be due from him.

Reigard thereupon took this appeal.

Messrs. LELAND and BLANCHARD, for the appellant.

The purchase of the land by McGoon, at a Sheriff's sale, with a parol agreement that he would convey to the defendant in the execution at a future time, on being repaid by the defendant in execution the money advanced and interest, is a contract on the part of McGoon, to enforce which would be a palpable violation of the statute, and so it would be to declare the deed from McGoon to Reigard made with the consent of the defendant in execution, to be a mortgage from the defendant in execution to Reigard.

*Wentworth* v. *Wentworth*, 2 Minn., 277; *Stephenson* v. *Thompson*, 13 Ill., 186; *Bottsford* v. *Barr*, 2 Johns., Ch., 404; *Hall* v. *Shultz*, 4 Johns., 240; *Sherill* et al., v. *Crosby*, 14 Johns., 358; *Schmidt* v. *Gatewood*, 2 Rich., (S. C.) 177; *Sutphen* v. *Cushman*, 35 Ill. 186; *Boyd* v. *McLean et ux.*, 1 Johns., Ch. 582; *Enos* v. *Hunter*, 4 Gilm., 211; *Perry* v. *McHenry*, 13 Ill., 227; *Lamborn* v. *Watson*, 6 Harr. & John., 252; *Lamborn* v. *Moore*, 6 Harr. & John., 422; 2d. Story's Equity Jur., Sec. 1201; *Fox* v. *Heffner*, 1 Watts & Sergt., 372; *Leman* v. *Whitley*, 4 Russ., 423, [4 Eng., Ch., 423; *Archibald* v. *McDonald*, 1 Rich., Ch., (S. C.] 91;

*Campbell* v. *Campbell*, 2 Jones Eq., [N. C.] 364 ; *Gaylord* v. *Couch*, 5 Day, 223.

Mr. B. C. Cook, for the appellee, insisted the whole transaction was a mortgage, and might be proven by parol.

Any deed, though absolute upon its face, if intended as a security, will be held to be a mortgage. *Miller* v. *Thomas*, 14 Ill., 426 ; *Tilson* v. *Moulton*, 23 Ill., 656.

The true character of every conveyance of land is open to inquiry and investigation, no matter what form the parties have given to the transaction. *Wyncoop* v. *Corning*, 21 Ill. 580 ; *Lane* v. *Sheer*, 1 Wend. 433.

Equity regards substance rather than form ; if the advance of the money was a loan, which is not denied, and the deed was taken as a security, it is really no matter what quarter the deed came from, it is a mortgage. *Tilson* v. *Moulton*, 23 Ill. 687.

Reigard was clearly chargeable with notice, and took his deed from McGoon subject to the equities of McNeil.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

The bill was filed in this case for the purpose of having the sheriff's deed declared a mortgage, and to allow complainant to redeem from the deed made by McGoon to appellant. The evidence is clear and satisfactory, that the application to McGoon was for a loan, and that it was advanced as such. It is equally clear, that when McGoon became the purchaser at the sheriff's sale, all of the parties understood that it was a loan. The sheriff failing to give a certificate of purchase at the time, McGoon did not then execute a bond for a conveyance to appellee, as it had been agreed he should, prior to his making the purchase. And through neglect and inattention the bond was never executed. But it continued to be regarded and

treated by the parties as a mortgage; appellee continuing in possession until after the transfer of the title to appellant. McGoon received a payment on the money advanced at the sheriff's sale by him, and at all times treated it as a loan and not as a purchase.

When appellant obtained the conveyance from McGoon, he had full notice of the nature of the transaction. He recommended McGoon to McNeil when the loan was effected, and the payment on the loan was made through him, and he paid for the conveyance the original debt and twenty per cent. interest, according to the original agreement. He, at the time, also agreed that if the appellee would refund the money which he paid to McGoon, with ten per cent. interest, he would convey the premises to him. Appellee was still in possession, occupying, and cultivating them as his own. There seems to be no question that appellant recognized the transaction as a loan when he received the conveyance.

The question is presented on this record, whether, as the transaction has assumed the form of a sale, a court of equity can effectuate the original intention of the parties, by declaring it a mortgage. It is objected that the agreement resting alone in parol, the statute of frauds will prevent it from being carried into effect. Under the 12th section of our conveyance act, and upon general equitable principles, this court has repeatedly held that deeds, in form absolute, might be shown to be mortgages in fact. Such has been repeatedly held, as in the case of *Wynkoop* v. *Corning*, 21 Ill., 570, it was said that courts are not estopped from looking into all the facts and circumstances of a deed absolute on its face, to ascertain whether a loan of, and security for, money was really intended. The same rule was adopted in the case of *Tillson* v. *Moulton*, 23 Ill. 628, and in *Brown* v. *Gaffney*, 28 Ill. 149. And these cases only recognize the rule as previously announced in *Miller* v. *Thomas*, 14 Ill. 428, and *Dellahay* v. *McConnell*, 4 Scam., 157.

The same rule has been repeatedly applied, even in cases of loans for the purpose of entering lands from the General Government, and the purchase made in the name of the lender with an agreement to convey upon having the loan and interest refunded. The principle that when the transaction assumed the form of a purchase of land from the Government as a security for the loan of the purchase money will be held a mortgage was decided in *Davis* v. *Hopkins*, 15 Ill. 519; *Smith* v. *Sackett*, 15 Ill. 528; *Williams* v. *Bishop*, 15 Ill. 553; *Ferguson* v. *Sutphen*, 3 Gilm. 547. This court has likewise clearly announced the rule that parol evidence may be received to show that a deed absolute on its face was intended as a mortgage or a mere security for a loan of money. *Purviance* v. *Holt*, 3 Gilm. 394. And the rule was also acted upon in some of the cases before referred to on the other question.

These cases are decisive of this. If a person may show an entry at the land office, of lands belonging to the General Government, was in fact but a mortgage, there can not be a shadow of doubt, that a purchase at a sheriff's sale may. In principle the cases are alike without a shade of difference. And the reason why such a rule is adopted, is to prevent fraud, injustice and oppression from being perpetrated.

The rule is of general application in a court of equity, once a mortgage always a mortgage. Being a mortgage in the hands of McGoon, his sale to appellant, with notice, by no means changed the character of the transaction. He took it, therefore, as a mortgage, and must be content to have it treated as such. Nor could the fact that he obtained possession by artifice or otherwise, change the relation of the parties.

Again it was held in the case of *Dennis* v. *McCagg*, 32 Ill. 429, that when a party claiming to be the agent for another, paid his own money and received an assignment of a certificate of purchase, and subsequently received a deed for the land, he was estopped from denying his agency. It was also held that he held the title for the benefit of those for whom he

claimed to act as agent, and that it was also a security for the money thus advanced. This case is conclusive of the one under consideration on the grounds of agency. Appellant claimed when he obtained the deed from McGoon that he was acting as agent for appellee.

No exceptions having been taken to the Master's report in the court below, it can not be questioned for the first time in this court. If unsatisfactory he should have excepted, and had his exceptions heard in the court below, and if not allowed, then he could have assigned error on the decree of the court. We are unable to discover any error in this record, and the decree of the court below must be affirmed.

*Decree affirmed.*