Adella Diggins et al., Appellants, v. **E. L. Axtell et al.,** Appellees.

## Gen. No. 6,074.

1. MORTGAGES, § 714*—*when grantee purchasing real estate from purchaser at foreclosure sale not innocent purchaser for value.* In a bill to redeem real estate from a master's certificate of sale under a foreclosure of a mortgage, where the legal title to the real estate sought to be redeemed is in a grantee of the purchaser at such foreclosure sale, no question of such grantee's being an innocent purchaser for value without notice of complainant's claim arises where it appears from the findings of the master, which were approved by the court, that such grantee purchased such real estate subject to any rights which complainant might be able to enforce by law against such real estate.

2. MORTGAGES, § 730*—*when agreement for extension of time for redemption will be enforced.* Courts of equity will enforce agreements involving an extension of the statutory or legal period of time for the redemption of property from a foreclosure sale.

3. WITNESSES, § 252*—*how credibility of witness on disputed fact determined.* Where there is a direct conflict between the testimony of two witnesses as to a question of fact, the question as to which witness has sworn truthfully must be determined by considering the circumstances which may corroborate one or the other of such witnesses.

4. MORTGAGES, § 720*—*when evidence sufficient to sustain finding as to oral agreement for extension of time to redeem.* On a bill to redeem real estate from a master's certificate of sale under fore-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

closure of a mortgage, evidence *held* sufficient to sustain a finding that an oral agreement was made for the extension of the time to redeem beyond the statutory period.

Appeal from the Circuit Court of McHenry county; the Hon. CHARLES WHITNEY, Judge, presiding. Heard in this court at the October term, 1914. Reversed and remanded with directions. Opinion filed December 8, 1915.

FISCHER & NORTH and E. H. WAITE, for appellants.

JOHN B. LYON and BARNES & BARNES, for appellees.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

In this case the appellants, Adella Diggins and her husband, Lon O. Diggins, filed a bill in equity, in the Circuit Court of McHenry county, to redeem the premises described in the bill from foreclosure sale made February 18, 1911. The property in question, which was the residence of appellants, was purchased at said sale by the appellee E. L. Axtell, for the sum of $2,450, and a master's certificate of sale issued to him therefor. The evidence shows that appellants had mortgaged the property in question to R. A. Nugent, as security for an indebtedness of $2,000, and having made default in the payment of the interest due, foreclosure proceedings were instituted; and that this sale made was pursuant to a decree in those proceedings. No redemption was made from the sale; and on July 24, 1912, two months after the statutory period for redemption had expired, a master's deed was issued to the appellee E. L. Axtell on his certificate of sale. Afterwards, on August 14, 1912, the appellee Axtel by deed conveyed the premises to the appellee William Doyle.

The appellants remained in actual occupancy of the property during the period of redemption, and since that time, and they were occupying the premises at

the time of the making of the deed by appellee Axtell to appellee Doyle. The bill alleges that the appellee Axtell verbally promised to extend time of the statutory period of redemption, from May to November, 1912; and that appellants, relying on the promises of appellee Axtell, expended large sums of money in making improvements upon the premises, and in payment of taxes and special assessments which became due and payable during said period of redemption, and after the expiration thereof.

The cause was referred to a special master, to take proofs and report his conclusions, and he heard the evidence and reported the same, together with his conclusions, to the court. The special master found against the contention of appellants that an agreement or arrrangement had been entered into by appellee Axtell and appellants, whereby the redemption period was extended. The special master also found that appellee Doyle had sufficient notice of the interest in the premises claimed by appellants to put him upon inquiry as to such interest. Appellants filed exceptions to the findings of the special master, which exceptions were overruled by the court, and a decree entered approving the findings and dismissing appellant's bill, from which decree the appellants have prosecuted an appeal to this court.

The question of the rights of an innocent purchaser for value, without notice of interests claimed by appellants, is not involved in this case, as it appears from the findings of the master, which were approved by the court in its decree, as well as from the evidence in the case, that appellee Doyle had sufficient notice of appellants' claim; in fact, he really purchased the premises from appellee Axtell, subject to whatever rights appellants might be able to legally assert or enforce in the premises. The controlling question involved is whether the appellee Axtell, positively or by necessary implication, extended the time for the re-

demption of the property in question, while the right of redemption existed. The law is well settled that courts of equity will enforce agreements of this nature, which involve an extension of the statutory or legal period of time for redemption of property from a foreclosure sale. *Union Mut. Life Ins. Co. v. White,* 106 Ill. 67; *Nichols v. Otto,* 132 Ill. 91; *Davis. v. Dresback,* 81 Ill. 397; *Pensoneau v. Pulliam,* 47 Ill. 58; *Union Mut. Life Ins. Co. v. Kirchoff,* 133 Ill. 368.

The question, therefore, resolves itself into one of fact to be decided from the evidence; and upon this question there is a conflict of evidence between the appellee Axtell and the appellant Lon O. Diggins; and "to determine which has sworn truthfully we must look to the attending circumstances that may corroborate one or the other." *Union Mut. Life Ins. Co. v. White,* 106 Ill. 70. The appellant Lon O. Diggins testified that about the middle of August, 1912, more than six months before the appellants' time for redemption had expired, he had a conversation with appellee Axtell, relative to making an arrangement about saving the property involved for his wife, and he inquired of Axtell whether Axtell wanted the place for himself, and that Axtell answered he did not. Diggins thereupon informed Axtell that his wife had been willed one-eighth of the entire estate of his mother, and would get this share, in money, in November, 1912; and that this share would be abundantly sufficient to take care of the mortgage indebtedness represented by the master's certificate held by Axtell; that Axtell thereupon said he wanted to look at the will, and Diggins, within a day or two, procured a copy of the will and brought it to Axtell, and said to him, after Axtell had read it, "You may see it is just as I told you it was," and that Axtell admitted that it was so; and then inquired how he wanted to fix up the matter, whereupon Diggins suggested that appellants would like to have back a clear title to the place, and give Axtell a note

and mortgage, which would be taken up when his wife would get her share in the estate of his mother, in November, 1912; and that Axtell replied, "I think, that will be all right;" and added, "I will think it over," or "I will talk it over with my father." That afterwards, within a couple of days, and before the expiration of the time of redemption, appellant Diggins again went to appellee Axtell and asked him about the matter, and explained to him that he wanted to know about it, because he was in a hurry to make some improvements on the house, if they were going to keep the place; that Axtell, on that occasion, gave him this assurance: "That will be all right, Lon; we will do that; go ahead and make any improvements; that will be all right." That appellants then, with the knowledge and approval of appellee Axtell, went ahead with the improvements on the house; and among other things, painted it; also the barn, at a cost in labor and materials of about $50; that they put in sewer connections, at a cost of about $40; that they paid special sewer assessments, amounting to about $67; that they paid the general taxes for the year 1911 and for the year 1912, amounting together to $46.81; and that they made other smaller expenditures.

Diggins testified further that he tried to get the matter of the note and mortgage to be given to Axtell arranged repeatedly; that he asked Axtell several times if he would "go on and complete the deal," and Axtell answered that he would as soon as he could get. B. F. Manley, who was appellee Axtell's lawyer, to do it; that he, Diggins, thereupon asked Manley a number of times if Axtell had done anything about getting those papers made out, and Manley's answer was that he had, and that he kept on insisting, until finally Manley drew a note and mortgage, which was duly executed by appellants; and that thereupon he had a meeting with Axtell, who after looking at the note and mortgage wanted to consult with his father

about the matter; and after doing so, declined to accept them, because his father had advised him to "leave the matter as it was"; and that his father had said "it was just as well to leave it that way and not exchange any papers, as it would only make additional cost and expense"; but at that time, giving him the following assurance: "Your wife will get the money in November, and you can pay it when you get it."

Appellee Axtell denied that he agreed to take a note and mortgage for the amount due on his master's certificate, and also denied that he agreed to extend the time of redemption to November, 1912, but admitted, on cross-examination, that he did say to appellant Diggins, in Manley's office, when he declined to take the note and mortgage, "Pa says you better let it stand as it is," indicating to appellants that they would be just as well off to let the matter stand as it was. Appellee Axtell also denied that he used some of the language attributed to him bearing upon the question of the extension of the time; but the incidents following the conversations, and the circumstances connected with and surrounding various transactions, admitted by the parties to have occurred, clearly indicate that appellee Axtell either stated to Diggins, or led him to believe, that he did not want to cut off appellants' retaining the property, by the expiration of the time for redemption; but that all he wanted was his money, and interest, and that appellants would have time to arrange this matter of the redemption of the property until November, 1912. It is clear that the appellants had a well-grounded belief to this effect; otherwise they would not have gone on and expended over $200 on the property. It would be most unnatural to assume that, in their financial condition, they would have put into property, in order to improve it, preserve it, and enhance its value, the sum of money stated, if they had any idea that they were not going

to retain the title to the property; and the acts and conduct of appellee Axtell towards appellants, with reference to the property in question, after the alleged arrangement for an extension of time, strongly corroborate appellant Diggins' version of the matter. For instance, appellee Axtell, before the time of the alleged arrangement for the extension of time, paid the taxes, as holder of the master's certificate, in the year 1911; but did not pay taxes afterwards; he did not take out his master's deed for two months after he was entitled to it, and when he got this deed he did not treat the property as though he was entitled to it as owner, or as though appellants no longer had any interest in it, nor did he attempt to get possession of it under his deed. He did not attempt to collect any rents for its occupancy, by appellants; nor did he make any direct demand for the possession of the property, until after he had made arrangements to transfer it to appellee Doyle, which was in August, 1912. He admits that several months after the expiration of the statutory redemption period he asked appellant Diggins to pay up, and at that time gave as a reason for wanting the money that he needed it right away, because he wanted to build himself a home. Why he should ask appellants to redeem this property, if he thought that he had lost their right of redemption, and that he was the owner of it and not obligated to let them redeem, is not evident; it surely is not in harmony with the position afterwards, and now, taken in this case, that he had nothing from which it could reasonably be inferred that they could redeem after their statutory right had expired. Even in his negotiations with appellee Doyle, he seemed to have been conscious of the fact that appellants had some rights in the property, which they might be able to enforce, for he agreed with Doyle that unless he could obtain the possession of the property, for Doyle, that Doyle should receive back from him the consideration which

Doyle had given. All the acts and conduct of appellee Axtell as well as the acts and conduct of appellants, are consistent upon the theory that an arrangement was made for an extension of the time of redemption, but are wholly inconsistent with appellees' claim, that no such arrangement was made.

The weight of the evidence on the question of the arrangement to extend the time is therefore clearly on the side of appellants; and we are of opinion that the exceptions to the finding of the special master, that there was no arrangement for the extension of the time of redemption, should have been sustained by the court; and that the court should have granted the prayer for relief and allowed the appellants to redeem said property. The decree is therefore reversed and the cause remanded with directions that the court grant the relief prayed for; and that the appellants be allowed to redeem, by paying to the appellee Axtell, by a short day to be fixed by the court, the amount paid by him at the foreclosure sale, and six per cent. interest thereon, from the date of said sale to the date fixed by the court for redemption; also the amount paid by appellee Axtell for taxes in 1911, with six per cent. interest thereon, from the date of such payment to the date fixed by the court for redemption; and that upon such payment, the deed of conveyance by appellee' Axtell to appellee Doyle be ordered canceled and set aside; also the mortgage and note executed by appellee Doyle to appellee Axtell; and that the appellee Axtell be required, upon such redemption, to reconvey, by proper deed, to appellant Adella Diggins, the title acquired by him in and to the property, through said master's deed and certificate.

*Reversed and remanded with directions.*