## Arthur Benckendorf et al., Appellants, v. Streator Federal Savings and Loan Association et al. (Alfred Kohrt), Appellee.

### Gen. No. 10,661.

Opinion

filed March 26, 1953. Released for publication April 13, 1953.

CLYDE E. MITCHELL, of La Salle, for appellant.

W. D. JONES, of Streator, for appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

The appellants, Arthur Benckendorf and Nellie Benckendorf, his wife, appeal from an order of the

circuit court of La Salle county dismissing their cross-complaint for redemption of their homestead property which had been sold to appellee, Alfred Kohrt, at a foreclosure sale. Appellants had remained in possession of the property during the redemption period and at the expiration thereof, Kohrt, the appellee, filed his petition for a writ of assistance to secure possession of the property, and appellants filed their cross-complaint for redemption.

Appellants' cross-complaint alleged that appellee, Kohrt, had orally agreed before the expiration of the redemption period to extend the period and to give appellant, Benckendorf, ample notice when he wanted his money and that in reliance upon this agreement appellants had made valuable improvement to the property and had not redeemed the property, although they could and would have done so in the absence of Kohrt's representations and inducements. They prayed that the court determine the amount due Kohrt and that the court fix a reasonable time within which they should comply with the decree, pay the sum due and procure a deed from appellee.

Appellee filed a motion to dismiss the cross-complaint on the grounds that the complaint showed on its face that the alleged agreement was without consideration and without mutuality. This motion was sustained, the cross-complaint dismissed and appellants appeal to this court to reverse that order of dismissal.

 The sole question in this case is whether the complaint stated a good cause of action. This court in the case of *Diggins v. Axtell,* 196 Ill. App. 480, had occasion to pass upon the same question that is raised in this case. In the *Diggins* case we used this language: "The controlling question involved is whether the appellee Axtell, positively or by necessary implication, extended the time for the redemption of the property

in question, while the right of redemption existed. The law is well settled that courts of equity will enforce agreements of this nature, which involve an extension of the statutory or legal period of time for redemption of property from a foreclosure sale. *Union Mut. Life Ins. Co. v. White,* 106 Ill. 67; *Nichols v. Otto,* 132 Ill. 91; *Davis v. Dresback,* 81 Ill. 397; *Pensoneau v. Pulliam,* 47 Ill. 58; *Union Mut. Life Ins. Co. v. Kirchoff,* 133 Ill. 368."

In *Wright v. Logan,* 288 Ill. App. 481, it is stated: "It is well settled in this State that courts of equity will enforce oral agreements involving an extension of the statutory legal period of 12 months for the redemption of property from a foreclosure sale; especially in cases where the mortgagor has been fraudulently induced to rely upon the representations of the creditor, and has been so lulled to sleep as to allow the period of redemption to expire, without any effort to redeem. However, the latter element is not presented by the testimony in this case. . . . It is clear from the evidence that the plaintiffs had a well grounded belief, based upon statements made by the defendant, that they might redeem their property either before or after the equity of redemption period had expired, and that relying on such statements, they expended $597 in making improvements on the premises sold under foreclosure, which could be of no benefit to them after such right of redemption had expired."

The same question was before this court in the case of *Honnihan v. Friedman,* 13 Ill. App. 226. There, as in the case we are now considering, it is insisted there was no consideration for the promise to extend the time to redeem the premises. In the *Honnihan* case we there say: "It is insisted on the part of counsel for appellee, that there is no consideration for the agreement, that there was no specified time for the fulfillment, and that the bill does not allege a mutual agree-

45

ment. In this case the consideration that is claimed on the part of the appellant is, that he gave up the legal right to redeem within the time required by law upon the promise that the time should be extended at least six months. . . . The right to redeem during the twelve months is a mere option to redeem or not on the part of the owner of the land sold, then, if a further consideration passes for an extension of that option six months longer, it would seem to be a valid contract, without any absolute agreement that he would redeem within the extended time."

In *Ogden v. Stevens,* 241 Ill. 556, our Supreme Court in passing upon the exact question as raised in the present appeal, uses this language: "It is next contended by appellant that his several promises relied on by appellee were void under the provision of the Statute of Frauds, which is set up and relied on in his answer. This position is untenable. A verbal agreement to extend the time for redemption from a judicial sale is valid and not affected by the Statute of Frauds. (*Reigard v. McNeil,* 38 Ill. 400; *Pensoneau v. Pulliam,* 47 id. 58; *Union Mutual Life Ins. Co. v. White,* 106 id. 67; *Taggart v. Blair,* 215 id. 339.) A parol contract to extend the period of time allowed for a redemption from the judicial sales has been upheld and enforced by this court in a number of cases. (*Schoonhoven v. Pratt,* 25 Ill. 379; *Nichols v. Otto,* 132 id. 91; *Union Mutual Life Ins. Co. v. Kirchoff,* 133 id. 368.) Courts of equity, in the exercise of their jurisdiction, have gone even further than the enforcement of clearly proven verbal contracts for the extension of a period of redemption, and have granted relief where the purchaser has by a course of conduct induced the owner to refrain from redeeming within the statutory time by fraudulent representations or promises to the purchaser which could not be said to constitute a contract. (*Henderson v. Harness,* 184 Ill. 520.) Where the owner

46

of the equity has been induced to rely upon the representations of the creditor until the period of redemption has expired, a court of equity will grant relief. (*Taggart v. Blair, supra.*) The defense that the alleged contract is void under the Statute of Frauds cannot be sustained."

In *Doner v. Phoenix Joint Stock Land Bank,* 381 Ill. 106, it is stated: "It is clear, from the complaint, that Westervelt, as agent of appellant, obtained an extension of time for appellant to redeem. It is true the extension agreement was oral. Nevertheless, a verbal agreement to extend the time for redemption from a judicial sale is valid and not affected by the Statute of Frauds. * * * Courts will enforce such agreements even though the redemption period has expired when the agreement to extend is entered into."

The appellants rely upon the case of *Ross v. Sutherland,* 81 Ill. page 275. The syllabus of that case is as follows: "A party holding a certificate of the purchase of lands sold under a decree, may lawfully contract, giving the former owner further time in which to redeem, and may properly impose his own terms, and there is nothing in the relation of the parties to interfere with their freely contracting with each other."

The case of *Haenni v. Bleisch,* 146 Ill. 262, has very little, if any, bearing upon the merits of this controversy. In *Taggart v. Blair,* 215 Ill. 339, the first syllabus of this case is as follows: "A mortgagee may, by contract, even though a verbal one, extend the period allowed by law for redemption, and equity will enforce such agreement; but the evidence of the extension agreement must be clear or the period for redemption fixed by law must control."

In *Taylor v. Reid,* 103 Ill. 349, the court says: "We can not say the court below erred in finding the alleged agreement to allow redemption after the sale was not proved by the evidence." Therefore, the question of

the legal right to redeem was not adjudicated in that case.

In *Spafford v. Hedges,* 231 Ill. 140, the court there held that the offer to extend the time to redeem the property from foreclosure was never accepted by the mortgagor, and that the heirs had no right to redeem fifteen years after the offer was made and some time after it was withdrawn.

The complaint in the present case alleges in positive language that the appellee made a positive statement to the appellants that he would extend the time for the redemption of the property. The complaint also alleges that in reliance upon the appellants' statements, they made valuable and lasting improvements on the premises amounting to $100. The motion to strike admitted all facts well pleaded. It is our conclusion that the complaint in question stated a good cause of action, and the court erred in dismissing the complaint.

The judgment appealed from will be reversed and the cause remanded to the circuit court of La Salle county with direction to overrule the motion to strike the complaint.

*Reversed and remanded with directions.*