(No. 12347.—Reversed and remanded.)

ELMER N. LEWARK, Appellee, vs. CHARLES DODD et al.
Appellants.

*Opinion filed April 15, 1919—Rehearing denied June 4, 1919.*

1. WILLS—*descent of property, whether by inheritance or devise, is controlled by statute.* The descent of property, whether by inheritance or devise, is controlled by statute, and the right to make a will and the right to take property under a will exist only by virtue of the statutes.

2. SAME—*right to contest a will is statutory.* The right to contest a will by a bill in chancery is purely statutory and can be exercised only in the manner and within the limitations prescribed by the statute.

3. SAME—*proviso to section 7 of Wills act is not a statute of limitation.* The proviso to section 7 of the Statute of Wills, as to the right of parties interested to contest a will within one year from its probate, is not a statute of limitation but is one conferring jurisdiction.

4. SAME—*after one year from probate will can be set aside only as to interests of persons under disability.* Under the proviso to section 7 of the Wills act, where a suit to contest a will is brought more than one year after probate by parties who were minors at the time of the probate, the will may be set aside as to the interests of the contesting heirs who were under disability, but it is forever binding and conclusive on all the parties not under disability at the time of probate who did not contest the will within one year thereafter.

5. PRACTICE—*court sitting in chancery may make up issue at law and call a jury to try it.* Under the system of combining common law and chancery jurisdiction in the same court at the same time, a judge in the exercise of chancery jurisdiction may make up an issue at law and call a jury to try it; and this fact has made some of the rules which prevailed under the system of separate courts of chancery and common law unnecessary and in practice they are disregarded.

6. SAME—*when objection to manner in which issue at law in a will contest case is submitted is waived on appeal.* Where no objection is made in a will contest case to the manner in which the chancellor has submitted the issue at law as to the validity of the will to the jury and the decree recites the proper submission of the issue and the return of a verdict thereon, any objection as to the form of the issue is waived in the Supreme Court.

APPEAL from the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

ALBERT PETERSON, and WILLIAM E. CLOYES, for appellants.

FRANK B. MURRAY, ALANSON C. NOBLE, and RALPH F. POTTER, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellee, Elmer N. Lewark, a minor, in June, 1917, filed a bill by his next friend in the circuit court of Cook county to contest the will of Lula G. Knorr upon the ground of the insanity of the testatrix and the undue influence of the sole devisee with reference to the same. Upon the trial of the issue in the circuit court the jury returned a verdict finding that the instrument in question was not the last will and testament of Lula G. Knorr, and the court rendered a decree adjudging the will, and the probate thereof, void. This appeal followed.

Lula G. Knorr executed the instrument here in question on September 20, 1913, leaving all of her property to Mary E. Dodd, the wife of Charles Dodd, neither of them being related in any way to her. The testatrix died October 21, 1913. She left no surviving husband, and her heirs were her mother, Mary E. Knox, and Elmer N. Lewark, the appellee, and his sister, who were her nephew and niece. The will was admitted to probate January 8, 1914. On January 7, 1915, Mrs. Knox and the appellee and his sister (both the latter then being minors, by Mrs. Knox, their next friend,) filed a bill to contest the will, which was afterwards dismissed for want of prosecution. The bill on which the decree here in question was entered was filed June 1, 1917. Appellants do not question the verdict, but they insist that the court erred in decreeing the will to be void in its entirety instead of limiting the effect of the

288 — 6

decree to the interest of the appellee, and that no issue of law was properly made up as to whether the writing produced was the last will and testament of the testatrix.

In this State the descent of property, whether by inheritance or devise, is controlled by statute. The right to make a will and the right to take property under a will exist only by virtue of the statutes of this State and are entirely subject to their provisions. (*In re Estate of Graves,* 242 Ill. 212; *Kochersperger* v. *Drake,* 167 id. 122.) The right to contest a will by a bill in chancery is purely statutory and can be exercised only in the manner and within the limitations prescribed by the statute. (*Selden* v. *Illinois Trust and Savings Bank,* 239 Ill. '67; *Storrs* v. *St. Luke's Hospital,* 180 id. 368; *Spaulding* v. *White,* 173 id. 127.) The provision for the contest of wills is found in the proviso to section 7 of the Statute of Wills, as follows: "*Provided, however,* that if any person interested shall, within one year after the probate of any such will, testament or codicil in the county court as aforesaid, appear and by his or her bill in chancery contest the validity of the same, an issue at law shall be made up whether the writing produced be the will of the testator or testatrix or not, which shall be tried by a jury in the circuit court of the county wherein such will, testament or codicil shall have been proven and recorded as aforesaid, according to the practice in courts of chancery in similar cases; but if no such person shall appear within the time aforesaid, the probate shall be forever binding and conclusive on all of the parties concerned, saving to infants or *non compos mentis* the like period after the removal of their respective disabilities." (Hurd's Stat. 1917, p. 2967.) This proviso is not a statute of limitations but is one conferring jurisdiction. *Sinnet* v. *Bowman,* 151 Ill. 146; *Spaulding* v. *White, supra; Carlin* v. *Peerless Gas Light Co.* 283 Ill. 142:

The question first presented here is, whether by the proviso to said section 7 as to contesting wills the court

is given the right to entirely set aside the will at the suit of one within the saving clause after the year has passed, so as to wholly destroy the interests of all the beneficiaries named by the instrument, or only to set it aside as it affects the interests of the heir who was an infant or *non compos mentis* at the time the will was probated, and who filed such contest before the expiration of a year after becoming of age or becoming sane, as the case may be.

This court in *Dibble* v. *Winter,* 247 Ill. 243, discussed at some length the history of our statute on wills and the sources from which its various provisions were derived, stating that section 7, as to the contest of wills, was taken, in substance, in 1829 from the statute of Kentucky, and that the Kentucky statute was taken, in turn, from the Virginia statute. It is stated in that opinion, also, that under the common law there could be a contest of the will every time it was offered in evidence. The earliest Virginia statute (1748) referred to in that case provided for the probate of wills upon due notice and contained no provision as to contests by persons under no disability, but provided that a contest by those under certain disabilities, such as being under age or *non compos mentis,* must be brought within ten years after their several disabilities and incapacities were removed. The later Virginia statute (1785) provided that any contest must be brought within seven years after the probate, whether brought by one under legal disability or not. The Illinois statute of 1829 provided that those under disabilities must bring the contest, if at all, within five years after their disability was removed. The statutes of Virginia and Kentucky with reference to will contests are very similar to the statute of this State.

It will thus be seen that the tendency has constantly been to shorten the time within which the contest can be brought and to narrow the classes of people for whose benefit the time is extended. Now the statute of this State provides that the contest must be brought within a year after

the disabilities are removed, the last amendment in 1903 changing the limitation from three years to one. Under the authorities already cited there can be no question that the legislature could, in terms, fix the time of contest as to all parties in any manner that it desired. In view of the history of legislation on this subject, did it intend, when it passed the proviso to section 7 as it now reads, to make the probate of the will binding and conclusive on all parties except infants and persons *non compos mentis* unless a contest was begun by one or more of the parties not under disability within one year after the probate of the will? This question has never been passed upon by this court, but under practically similar statutory provisions as to contesting wills the Supreme Courts of California and Montana have held that such a statute was conclusive as to all those under no disabilities if the contest was not begun within the time so limited. (*Samson* v. *Samson,* 64 Cal. 327; *Spencer* v. *Spencer,* 31 Mont. 631.) *Stead* v. *Curtis,* 205 Fed. Rep. 439, is in accord with the same conclusion. It has also been held that where one co-heir or tenant in common is under disability, his co-heirs or co-tenants who are not under disability will still be barred by the Statute of Limitations even though the statute saves the right of the co-tenant under disability. (*Roe* v. *Rowlston,* 2 Taunt. 441; *Stovall* v. *Carmichael,* 52 Tex. 383; *Belote* v. *White,* 2 Head, 703.) On the other hand, the reasoning of the courts in *Powell* v. *Koehler,* 52 Ohio St. 103, *Wells* v. *Wells,* 144 Mo. 198, and *Croker* v. *Williamson,* 208 N. Y. 480, would tend to the opposite conclusion. We agree, however, with counsel for appellants that some of the decisions last cited did not have the identical question raised that is raised here. In any event, none of the decisions in other jurisdictions are necessarily controlling here, and at the most they are only persuasive.

It is argued with earnestness by counsel for appellee that it is unreasonable to construe the statute so that a

will can be valid as to certain of the heirs or parties and invalid as to others; that the will should be annulled in its entirety or not at all. We see no difficulty, however, in voiding the probate so far as concerns the interest of the contesting heirs then or formerly under disability and permitting it to stand so far as it concerns the heirs who have lost their rights by lapse of time. It is purely a question of what the legislature intended. One of the great objects of the law is to quiet the title to property and render it certain. If section 7 is to be construed as contended for by counsel for the appellants, there would be a chance that twenty years or more after a will was probated the whole title under which the beneficiaries claimed might be overthrown and the property given to the heirs. This would render it very difficult, if not impossible, to dispose of the property or improve it to any considerable extent during all that time. It is the policy of the law to limit uncertainties, such as the one here under consideration, as much as is commensurate with other rights which the law cannot overlook. It is clear the policy of the law has been for many years in this country, and especially in this State since 1829, to limit the time in which will contests could be brought. It would be absolutely contrary to the trend of public policy in this regard to construe this statute as holding that the rights of the beneficiaries, not only with respect to those heirs who are under disability but also with respect to those under no disability, shall remain unsettled until such time as the disabilities of all the heirs are removed. In our judgment a fair construction of the statute, in the light of the history of legislation upon this subject, is that after the year the probate is, as the proviso says, forever binding and conclusive on all the parties concerned, except infants and persons *non compos mentis*. The circuit court erroneously held otherwise.

It is also urged by counsel for appellants that the final decree is wrong because the record shows that no issue of

law was properly made up as to whether the writing produced was the last will and testament of the testatrix. The decree recites: "The court having heretofore directed an issue at law to be made up whether the writing referred to in the pleadings and purporting to be the last will and testament of Lula G. Knorr, deceased, was the last will and testament of the said Lula G. Knorr or not, and a jury * * * having been duly called, selected and sworn to try the said issue, * * * and the jury having found by their verdict that the said writing was not the last will and testament of said Lula G. Knorr, deceased," etc. In a system of practice where the common law and equity courts were entirely separate and their jurisdiction was exercised by different judges, an issue to be tried at law was certified by the chancery court to the common law court, and after the trial the verdict was certified by the common law court back to the chancery court. Under our system the same judge exercises both common law and chancery jurisdiction in the same court at the same time, and he may make the issue at law and immediately call a jury to try it. This practice has made it unnecessary in our courts to follow some of the rules which prevailed under the system of separate courts of chancery and common law jurisdiction, and in practice some of such rules are disregarded. (*Williams* v. *Bishop,* 15 Ill. 553; *Milk* v. *Moore,* 39 id. 584.) The usual method of submitting the issue to be tried by a jury in a case of this character is in the form of questions made up by the court, or by the parties under the direction of the court, framed so as to require merely an affirmative or negative answer. Whether or not that was done in this case the record does not set out at length. The recital in the decree is that it was done and that the issue was submitted to the jury, and the verdict so returned by the jury upon that issue must be taken as showing that it was done. There seems to have been no objection made in the circuit court as to the manner in

which this question was submitted. Therefore any objection to the manner in which it was submitted must be regarded as waived.

The decree of the circuit court will be reversed and the cause remanded, with directions to enter a decree in accordance with the views herein expressed, holding the will to be void but limiting the effect of the decree only as to the interest of the minor heir of Lula G. Knorr, deceased, who by his next friend brought this contest.

*Reversed and remanded, with directions.*