(No. 26371.—

BESSIE L. HIRE, Conservatrix, Appellant, *vs.* ROBERT B. HRUDICKA, Appellee.

*Opinion filed January 20, 1942—Rehearing denied March 11, 1942.*

JAMES H. ANDREWS, HARPER ANDREWS, and GREGG A. YOUNG, for appellant.

JOHN F. GARNER, and ROSWELL B. O'HARRA, for appellee.

Mr. JUSTICE SHAW delivered the opinion of the court:

On December 24, 1937, Bessie L. Hire was acting as conservatrix of the estate of Herman R. Hire, an incompetent person, having been appointed to that office about a month previously by the county court of Henry county. She alleged that various persons had in their possession certain property and assets of her ward, among them being the mother of the ward and one Robert B. Hrudicka. Hrudicka had been the agent and confidential adviser of said incompetent and had kept, and it is alleged still does

keep, certain funds and property of said ward and knows of the whereabouts of other property of the ward. It was alleged that said Hrudicka stands in defiance of the petitioner in the petitioner's attempt to find any property of said Hire. The petition further alleged that certain other persons therein named knew the whereabouts of property of said ward and that one or more of them had some of his assets or property in their possession, or had information or knowledge concerning such property and that each of them refused to divulge such information to the petitioner. The same allegations were made as to Earl E. Hire, a brother of the ward. On this petition a citation appears to have been issued and an order entered finding that Robert B. Hrudicka had converted $8154.46 belonging to the ward to his own use and has either squandered or secreted the same. It was ordered by the county court that Robert B. Hrudicka should repay the same to the conservatrix and that upon his failing to do so a body attachment should issue, etc.

Hrudicka appealed from this order to the circuit court of Henry county, posting an appeal bond in the sum of $10,000, and the appeal was allowed. When the matter came on for hearing in the circuit court Hrudicka filed a motion to abate the proceeding on the ground that the ward, Herman R. Hire, had died on February 19, 1939; that one Herman R. Hire was the real party in interest and that the conservator had no power to proceed with the suit. The circuit court sustained this motion and ordered the suit to be abated. On further appeal to the Appellate Court for the Second District this judgment was affirmed and the cause is before us on further appeal on leave granted by this court.

A brief review of the facts and the pleadings, as well as statutory changes applicable to the subject matter, is necessary. After the appeal to the circuit court was perfected and on April 18, 1939, Hrudicka filed an answer,

in which he admitted he had been agent for Hire in certain matters, denied the conversion of any moneys and questioned the constitutionality of sections 54 and 55 of the act in relation to lunatics, etc., then in force. (Ill. Rev. Stat. 1939, chap. 86, pars, 55, 56.) Thereafter, on September 21, 1939, after the new Probate act had been enacted, (Ill. Rev. Stat. 1941, chap. 3, pars. 151 to 501, inc.) Hrudicka filed a motion to abate in the circuit court alleging that the incompetent ward, Herman R. Hire, had died on February 19, 1939. In his affidavit attached to the motion in abatement Hrudicka says "that he was advised within the past few days" of the death of the ward and that he had not known of such death until within ten days prior to the filing of the motion. This motion was set for hearing and argument and continued from time to time until February 28, 1940, when the circuit judge sustained the motion.

As noted above, during the pendency of these proceedings, what is referred to as the new Probate act approved July 24, 1939, went into effect on January 1, 1940. The title of this act is "An act to revise, consolidate, clarify and codify the probate laws, including the law in relation to descent and distribution, dower, wills, administration, guardianships and conservatorships." By section 500 of this act, all acts regarding these subjects were repealed and the only saving clause is section 501, which reads as follows: "The provisions for repeal contained in this act shall not in any way: (1) affect an offense committed, an act done, a penalty, punishment, or forfeiture incurred, or a claim, right, power, or remedy accrued under any law in force prior to the effective date of this act; (2) invalidate any of the following that have been validated by any former law: Any act done by an executor, administrator, guardian, or conservator; any order, judgment or decree entered by a court; the recordation of any will."

The Appellate Court assumed, in its opinion, that this case must be decided on the law as it was prior to the

new Probate act. We cannot concur in this assumption. The proceedings before us should not have been abated, even under the old act, because that act, under section 9 of chapter 86 of the Revised Statutes of 1939, provided that on death of the ward the conservator had full power to make final settlement and distribution of the estate of the deceased, without further letters of administration, unless within sixty days after the death of the ward a petition for letters of administration should be presented to a proper court, and that in the event an administrator was appointed he should supersede the conservator. The only difference in the two acts in this respect is that paragraph 476 of the new Probate act is a little more clear and specific, and shortens the time to thirty days for application for appointment of an administrator. The pertinent part of the new act is: "Upon the death of a ward the guardian or conservator of his estate has full power and authority under the letters issued to him and subject to the direction of the probate court, to administer the estate of the deceased ward, without further letters of administration," etc. The provisions for discovery of assets in the new Probate act are made applicable, in addition to executors and administrators as provided in the prior law, to guardians and conservators. These were commonly referred to as sections 81 and 82 of the prior Administration act, (Ill. Rev. Stat. 1939, chap. 3, pars. 82, 83,) and this act was recognized as valid and was enforced in *Keshner* v. *Keshner,* 376 Ill. 354.

We are of the opinion that this case must be determined under the rules of the new Probate act, and under that act a conservator, after the death of the ward has all the powers of an administrator unless an administrator is appointed within the thirty-day period limited by the act. The rule in this State is that if, before rights become vested in particular individuals, the convenience of the State induces amendment or repeal of the laws, these individuals have no cause to complain. The unconditional repeal of a special remedial statute without a saving clause

stops all pending actions where the repeal finds them, and all subsequent proceedings must be had in pursuance of the new law. These principles are firmly fixed in our jurisdiction and the rules applicable will be found stated in *People ex rel. Eitel* v. *Lindheimer,* 371 Ill. 367, where prior cases are extensively reviewed and need not be further commented on in this opinion. A reading of the saving clause in the new Probate act makes it clear that it does not apply to the question now before us. The trial court found that the appellee had converted to his own use the sum of $8154.46 which was the property of the incompetent ward, and, pursuant to the act then in force and effect, he was ordered to pay that sum of money or be confined in the county jail of Henry county until the sum was paid, or until he should be released according to law. No one has a vested right in the retention of money he has wrongfully converted to his own use nor in the procedure prescribed for its recovery by the proper person.

The appellee cites several cases which are clearly distinguishable and not in any way in point nor helpful in the decision of this case. Thus he cites and relies upon *Whittemore* v. *Coleman,* 239 Ill. 450. There is only one sentence in that case which appears to apply to this one and that is "the death of the ward put an end to the appellant's guardianship." The question is of little importance in any event, because the laws as to the guardianship in effect at that time did not provide for the settlement of estates of deceased wards by their guardians. This is the only case cited which is even claimed to be in point on the precise question at issue. Other authorities are cited to the effect that this kind of a claim does not survive to the conservatrix, because there is no specific statutory authority for it to survive, and that the death of the ward ended the proceedings.

We fully discussed the nature and character of this kind of procedure in *Keshner* v. *Keshner, supra,* pointing

out that it was *sui generis,* being neither at law nor in equity, but only a remedy provided for the discovery of assets and to compel their delivery. We also pointed out, in that case, that the action might have been commenced by any interested person and that the executor was not even a necessary party. In the case before us, there is no question as to the survival of a cause of action and none of the cases cited on that question has anything to do with this one. If there was any question of survival involved, it would be whether or not the deceased ward had a cause of action for the recovery of moneys converted which would have survived to his administratrix, and as to this there can be no doubt. (Ill. Rev. Stat. 1939, chap. 1, sec. 10.) There runs through the argument a confusion as to who is the plaintiff. As we pointed out in the *Keshner case,* there is no plaintiff or defendant, nor any counter-alignment of parties. In any event there is a proper party appellant in this case—*i.e.,* Bessie L. Hire, conservatrix and *ex officio* administratrix of the estate of Herman R. Hire, deceased, a party fully competent and qualified under the law to prosecute this litigation to an end. As to the question of survivorship both the old Administration act (Ill. Rev. Stat. 1939, chap. 3, par. 494) and the new Probate act (Ill. Rev. Stat. 1941, chap. 3, par. 494) provide for the survival of a claim of this kind.

The circuit court of Henry county erred in sustaining the motion to abate this cause and that judgment, together with the judgment of the Appellate Court affirming it, will be reversed and the cause remanded to the circuit court of Henry county, with directions to overrule the motion and to proceed with the cause in the name of Bessie L. Hire, conservatrix and *ex officio* administratrix of the estate of Herman R. Hire, deceased.

*Reversed and remanded, with directions.*