(No. 26898.—)

Jerry Masin, Conservator, Appellant, *vs.* Virginia Earline Bassford *et al.,* Appellees.

*Opinion filed January 19, 1943.*

Charles A. Churan, for appellant.

Edwin T. Peifer, and Edward A. Dreis, for appellee Virginia Earline Bassford.

Kerner, Jaros & Tittle, (Ludwig L. Selinger, of counsel,) for appellee Joseph C. Pisha, Executor.

Mr. Justice Fulton delivered the opinion of the court:

The appellant, Jerry Masin, conservator of the person and estate of Anna Masin, incompetent, filed this complaint

in the superior court of Cook county to set aside the last will and testament of one Rudolph B. Tompach, Jr. The appellees filed motions to dismiss the complaint on jurisdictional grounds, and these motions were answered by the appellant setting up constitutional questions. Upon a hearing, the motions to dismiss were sustained and the court dismissed the complaint for want of jurisdiction. As constitutional questions are involved, the appeal comes directly to this court, and all questions in the case arise upon the pleadings.

By the complaint two grounds were asserted as reasons why the will should be set aside: (1) that the subsequent marriage of the testator revoked his prior will; and (2) that the testator was of unsound mind when the will was made.

Among the other allegations of the complaint, it showed that the decedent died on July 21, 1940, and his will was admitted to probate in the probate court of Cook county on January 20, 1941. The complaint was filed on March 5, 1942, thirteen months and thirteen days after the will was admitted to probate and letters testamentary issued.

The motions to dismiss the complaint, filed on the part of the appellees, were based upon the sole ground that it appears from the face of the complaint that the same was not filed within the time limited by law and that the court had no jurisdiction thereof.

Section 90 of article 7 of the Probate Act of 1939, (Ill. Rev. Stat. 1941, chap. 3, par. 242,) provides as follows: "within nine months after the admission to probate of a domestic or foreign will in the probate court of any county of this State, any interested person may file a complaint in the circuit court of the county in which the will was admitted to probate to contest the validity of the will. The right to institute or continue a suit to contest the validity of a will survives and descends to the heir, legatee,

devisee, executor, administrator, grantee or assignee of the person entitled to institute the suit."

The trial court granted the motions to dismiss upon the sole ground that the complaint was not filed within the time fixed by statute, and that the court was therefore without jurisdiction to entertain the said complaint.

In his answer to the motions to dismiss, the appellant alleged that said section 90 of article 7 of the Probate Act is unconstitutional, because it violates the fourteenth amendment to the United States constitution, and section 2 of article II of the constitution of Illinois, as depriving the insane plaintiff of property without due process of law. Also that section 67 of article 5 of said Probate Act provides for the appointment of a guardian *ad litem* to represent an heir, legatee or devisee, who is a minor, but no provision for the appointment of one for an insane, incompetent or *non-compos-mentis* heir, legatee or devisee; and that, therefore, the Probate Act is unreasonable and unconstitutional. These same reasons are urged as grounds for reversal of the order of the superior court of Cook county.

In the present case Anna Masin was adjudged insane in the county court of Cook county on August 7, 1940, just seventeen days after the death of the testator, and Jerry Masin, the conservator, was appointed and qualified on August 20, 1940, more than five months before the Tompach will was admitted to probate.

This court, in *Sharp* v. *Sharp,* 213 Ill. 332, held that a proceeding of this nature is controlled by the statute, that it is not a statute of limitations, but a statute of repose, and that the legislature has a right to change the time within which a contest may be made and to say who shall have a right to contest. In that case the court said, "It has been repeatedly held by this court that a bill in chancery to contest a will and to set aside the probate thereof can

only be maintained in this State by virtue of the proviso to section 7 of the Statute of Wills." It will be noted that the time formerly allowed to contest wills was fixed by section 7 of the Statute on Wills. In *Lewark v. Dodd,* 288 Ill. 80, it was held that the right to contest a will was purely statutory and can be exercised only in the manner and within the limitations prescribed by statute. In *Dibble v. Winter,* 247 Ill. 243, it was stated, "No right existed in favor of the heir to go into a court of chancery to contest the validity of a will independently of statute. * * * The right to contest a will is not a vested one. The legislature, if it saw fit, could abrogate all of the provisions of our statutes authorizing will contests."

Appellant contends that notwithstanding these cases, the elimination of the clause saving to "infants and *non compos mentis,* the like period after the removal of their respective disabilities" which, prior to the enactment of the Probate Act in 1939, appeared in the will-contest statutes, is such a radical departure that it shocks the conscience. and deprives minors and persons *non compos mentis* of the protection of the due-process clauses of the Bill of Rights as well as of the constitution of the State of Illinois.

Under the authorities above cited the legislature has the power to fix the time as to contest of wills in any manner that it may desire, and the shortening of the time within which the contest can be brought and the failure to provide for an extension of time in behalf of persons *non compos mentis* is wholly within that power. We do not feel that the right to contest a will is a vested right, and have held that such action can be regulated only by statute. In the case of *People ex rel. Eitel v. Lindheimer,* 371 Ill. 367, this court said, "If, before rights become vested in particular individuals, the convenience of the State induces amendment or repeal of the laws, these individuals have no cause to complain," and further, "there is no vested right in a public law which is not in the nature of a private

grant, and, however beneficial a statute may be to a particular person or however injuriously the repeal may affect him, the legislature has the right to abrogate it." To the same effect is *Hire* v. *Hrudicka,* 379 Ill. 201.

In the case before us the complaint does not show that the insane plaintiff has suffered any injury to her property rights. She was a paternal aunt of the testator and one of his heirs-at-law. She lived in the same county with the testator. She was adjudged insane and the conservator appointed and qualified more than five months before the will was probated. The complaint does not attempt to give any reason or excuse why the suit to contest the will was not brought within the nine months provided by the statute. The complaint does not attempt to include the record of the probate court nor whether protection was afforded the insane heir at the hearing to probate the will. There is no allegation that a guardian *ad litem* was not appointed to look after her interests in that proceeding.

We do not feel that the appellant has been deprived of property rights without due process of law as guaranteed by the constitutions of the United States and the State of Illinois, nor that said section 90 of article 7 of the Probate Act of Illinois is unreasonable or unconstitutional. The superior court of Cook county was entirely without jurisdiction to entertain the complaint in this cause, because the same was filed more than nine months after the will of the decedent had been admitted to probate, and the trial court properly so held. The jurisdictional question is controlling in this record, and therefore, the other questions discussed in appellant's brief are not considered in this opinion. The decree of the superior court of Cook county is affirmed.

*Decree affirmed.*