(No. 27363.—⬛)

DOUGLAS C. McQUEEN, Appellant, *vs.* FERGUS R. CONNOR *et al.,* Appellees.

*Opinion filed January 18, 1944—Rehearing denied March 16, 1944.*

LAURENCE B. JACOBS, and MARCELLUS W. MEEK, (CHARLES C. & RICHARD M. SPENCER, of counsel,) all of Chicago, for appellant.

JOHN R. PHILP, and TENNEY, SHERMAN, ROGERS & GUTHRIE, (S. ASHLEY GUTHRIE, and PHILIP GOTHBERG, of counsel,) all of Chicago, for appellees.

Mr. JUSTICE FULTON delivered the opinion of the court:

This is an appeal from a decision of the circuit court of Cook county dismissing for want of jurisdiction a suit

brought by the appellant to contest his wife's will. The complaint alleged mental incapacity and undue influence. The jurisdiction of this court is invoked on direct appeal because the will disposes of real estate as well as of personal property. The complaint shows that Nellie C. McQueen became deceased on May 20, 1939, and that her last will and testament was admitted to probate in the probate court of Cook county on June 20, 1939. The complaint contesting the will was not filed until June 17, 1940, just three days short of one year after probate. Answers of general denial were first filed by the defendants in interest. On November 12, 1940, the court allowed defendants to withdraw all former pleadings and to file a motion to dismiss. In the motion to dismiss it was set forth that the circuit court had no jurisdiction of the subject matter of the suit because it was not filed within nine months after the probate of the will. The nine-months' limitation on the court's jurisdiction is provided for in section 90 of the Probate Act. (Ill. Rev. Stat. 1943, chap. 3, par. 242.) The act was passed and approved on July 24, 1939, but its effective date was postponed by its terms to January 1, 1940. In the present case the nine-months' period after the probate of the will expired on March 20, 1940. That was eight months after the approval of the new Probate Act and nearly three months after the act became effective. Prior to the time of the probate of this will and until the new Probate Act took effect, the jurisdiction of the court in will contests was derived from section 7 of the old Wills Act. The provisions of that statute were substantially the same as section 90 of the new Probate Act except that, by the later statute, the period during which the court is granted jurisdiction to entertain suits to contest wills was shortened from one year after probate to a period of nine months. Section 345 of the new Probate Act expressly repealed the former Wills Act.

Section 90 of the new Probate Act provides as follows: "Within nine months after the admission to probate of a domestic or foreign will in the probate court of any county of this State, any interested person may file a complaint in the circuit court of the county in which the will was admitted to probate to contest the validity of the will." In section 346 of the new Probate Act it is provided as follows: "The provisions for repeal contained in this Act shall not in any way: (1) Affect an offense committed, an act done, a penalty, punishment, or forfeiture incurred, or a claim, right, power or remedy accrued under any law in force prior to the effective date of this Act; (2) Invalidate any of the following that have been validated by any former law: any act done by an executor, administrator, guardian, or conservator; any order, judgment, or decree entered by a court; the recordation of any will."

The question involved on this appeal is whether the jurisdiction of the circuit court to entertain the suit to contest the will is conferred and limited by the Probate Act in force at the time the suit was instituted or by the Wills Act in force when the will was probated. In sustaining the motion to dismiss the complaint, the circuit court ruled that the Probate Act and not the Wills Act was applicable.

It is the appellant's theory that the provisions of the Wills Act applied to all wills probated prior to the passage of the new Probate Act because of the saving clause, section 346, above quoted. It has been well settled in this State that the power of a court of equity to entertain a bill to set aside a will is purely statutory and can be exercised only in the manner and within the limitations prescribed by statute. *Spaulding* v. *White,* 173 Ill. 127; *Lewark* v. *Dodd,* 288 Ill. 80.

In the *Spaulding case,* the testator died on March 24, 1894. His will was probated March 29, 1894. In March,

1897, a bill was filed to set aside the will. An amendment to the Wills Act, passed in 1895, reduced the time for filing a bill to contest a will to two years. Prior to the amendment, three years had been allowed in which to file such bill to contest a will. In that case it was held that the law in force at the time the bill was filed controlled the jurisdiction of the court to entertain the same, and not the law in force when the will was probated.

In *Sharp* v. *Sharp,* 213 Ill. 332, the testator died on January 13, 1902, and the will was admitted to probate on February 24, 1902. A bill in chancery to set aside the will was filed January 9, 1904. An amendment to section 7 of the Wills Act was approved April 11, 1903, by the terms of which the time allowed for filing a bill to contest a will was reduced to a period of one year from the time of the probate of the will. It was there held that the statute in force at the time of filing the suit is the statute which confers jurisdiction on the court to entertain a bill to contest the validity of the will and must govern. In the case of *Dibble* v. *Winter,* 247 Ill. 243, we said, "The right to contest a will is not a vested one. The legislature, if it saw fit, could abrogate all of the provisions of our statutes authorizing will contests."

The appellant insists that the saving clause, section 346 of the new Probate Act, creates an exception to the above rule and continues in force the time limit fixed by the old Wills Act and permits the filing of a suit to contest a will for a full year after probate. He places much emphasis on the provision for the repeal of the Wills Act which says that it shall not in any way affect a claim, right or remedy accrued under any law in force prior to the effective date of that act.

It is true that in the amendment to the Wills Act passed in 1895, and also the amendment passed in 1903, there was no saving clause included in the amendment, but at that time, there was in full force and effect section 4 of

chapter 131 relating to statutes, the language of which is almost identical with section 346 of the new Probate Act. The latter section is also a general saving clause and does not differ materially from the said section 4. Section 4 has been before this court for interpretation on several occasions, and it has been generally held that if the convenience of the State induced amendment or repeal of the laws, individuals have no cause to complain. *People ex rel. Foote* v. *Clark,* 283 Ill. 221.

In *People ex rel. Eitel* v. *Lindheimer,* 371 Ill. 367, it was stated as follows: "That the legislature cannot pass a retrospective law impairing the obligation of a contract, nor deprive a citizen of a vested right, is a principle of general jurisprudence, but a right, to be within its protection, must be a vested right. It must be something more than a mere expectation based upon an anticipated continuance of the existing law. It must have become a title, legal or equitable, to the present or future enjoyment of property or to the present or future enjoyment of the demand, or a legal exemption from a demand made by another."

In *Hathaway* v. *Merchants' Loan and Trust Co.* 218 Ill. 580, a clear distinction is made between statutes conferring jurisdiction and fixing a time within which it may be exercised, and a statute of limitations. That case held: "The time within which a bill may be filed, under the statute, by any person interested, is not a limitation law and the statute in force at the time of the filing of the bill is the statute conferring jurisdiction and must govern."

*Merlo* v. *Johnston City Coal and Mining Co.* 258 Ill. 328, is a case where the court gave full force to the provisions of the saving statute, but the opinion states as follows: "The doctrine of these cases should not be confused with the rules which are intended to modify the procedure of our courts. It is a well established rule that no one has a vested right in a particular remedy or mode of

procedure for the redress of grievances, and the legislature may change these, and the changed procedure may be applied to pending causes."

We believe it has been consistently held by this court that in all cases involving statutes which merely change the procedure, such statutes should be complied with as far as practicable in all pending and undetermined causes. It was further stated in the *Lindheimer case* that the legislature has the right to repeal all legislative acts which are not in the nature of a private grant as there is no vested right in a public law which is not in the nature of a private grant, and however beneficial a statute may be to a particular person or however injuriously the repeal may affect him, the legislature has the right to abrogate it.

In the present case, the change in the statute reducing the time for filing a complaint to contest a will from one year to nine months was clearly a change in procedure and the right and remedy of the appellant was not destroyed, neither was he deprived of any remedy in the time for filing suit and neither was there any unreasonable restriction imposed upon its enforcement. The act was adopted nearly six months before its effective date, and two and one-half months' additional time was afforded appellant before the nine-months' limitation expired for him to file suit. It was stated in *Spaulding* v. *White,* 173 Ill. 127, "Where a statute of limitations limiting the time within which an act may be done is modified by changing the time, if such change still gives a reasonable time for the performance of the act, taking away no vested right, it is a valid law."

Under the decisions of this court the appellant had no vested right in the time provided for filing suit to contest the will and the legislature had power and authority to change the limitation as to time. The law in force at the time the suit is instituted controls the jurisdiction of the court to entertain the same.

The circuit court of Cook county correctly held that it had no jurisdiction to entertain this suit because not filed within nine months after the probate of, the will and the decree of that court dismissing the complaint is affirmed.

*Decree affirmed.*