Josephine Kessler, Administratrix of Estate of August B. Kessler, Deceased, Appellant, v. Alice Martinson, Individually and Executrix of Estate of Emmy Charlotte Kessler, Deceased, and Carla Minnehan Jones, Appellees.

Gen. No. 44,506.

Opinion filed December 20, 1949. Released for publication January 5, 1950.

SMITH, MARX & SMITH, of Chicago, for appellant; EMORY J. SMITH and CARL E. ABRAHAMSON, both of Chicago, of counsel.

EDWARD J. CREMERIUS, of Chicago, for appellee.

MR. JUSTICE SCANLAN delivered the opinion of the court.

Josephine Kessler, Administratrix of the Estate of August B. Kessler, deceased, filed her complaint against Alice Martinson, individually and as Executrix of the Estate of Emmy Charlotte Kessler, deceased, and Carla Minnehan Jones, praying that the last will and testament of Emmy Charlotte Kessler be set aside and declared null and void. Alice Martinson, individually and as Executrix of the Estate of Emmy Charlotte Kessler, deceased, filed her amended motion "in the nature of demurrer" to dismiss the complaint upon the ground "that the Complaint was filed over fourteen months after the Will was admitted to Probate, while the Statute, Chapter 3, Section 242 of Smith-Hurd Illinois Revised Statutes, which gives the right to contest a Will, provides that a Complaint to contest a Will must be filed within nine months after the Will is Probated." The chancellor found that the complaint was filed more than fourteen months after the will was admitted to probate and he sustained the motion. Plaintiff appeals.

Plaintiff states her position as follows: "We grant that if there were no other statute except the Probate Act that Section [242], standing alone, would apply to all persons entitled to bring suit, either individually or in a representative capacity," but she contends that Chapter 3, Section 242, Illinois Revised Statutes, 1947 [Jones Ill. Stats. Ann. 110.339], Bar Edition, must be construed together with Section 20 of the Limitations Act [Ill. Rev. Stat. 1947, ch. 83, par. 20; Jones Ill. Stats. Ann. 107.279]; that under Section 90 of the Probate Act August B. Kessler, a brother of Emmy Charlotte Kessler and an heir, had nine months in which to file his suit to contest the will but that he died January 31, 1947,

six months and twenty nine days after the will was admitted to probate; that plaintiff was appointed administratrix of his estate on August 25, 1947, and that she started the instant suit on September 8, 1947, which was seven months and eight days after the death of said August B. Kessler, and fourteen months and six days after the will of Emmy Charlotte Kessler was admitted to probate; that it is the position of plaintiff, appellant, that Section 20 of the Limitations Act supplements and enlarges Section 90 of the Probate Act by adding a provision to meet a contingency such as the instant one by giving to the personal representative, executor or administrator a right to bring an action within one year from the date of the death of a person who dies before the expiration of the time within which he might have brought such suit.

Alice Martinson, appellee, contends that "a complaint to contest the validity of a will must be filed in the Circuit Court within nine months after the admission to probate of a domestic or foreign will regardless by whom the complaint is brought," and, therefore, the decretal order in the instant case must be affirmed. The material facts are admitted and after a careful consideration of the cases bearing upon the one question raised by this appeal we have reached the conclusion that the contention of appellee is clearly a meritorious one.

██ In *McQueen v. Connor*, 385 Ill. 455, the court said (p. 457): "It has been well settled in this State that the power of a court of equity to entertain a bill to set aside a will is purely statutory and can be exercised only in the manner and within the limitations prescribed by statute." (See, also, *Calkins v. Calkins*, 229 Ill. 68, 73; *McCreery v. Bartholf*, 305 Ill. 325, 326; *Lewark v. Dodd*, 288 Ill. 80, 82.) In *Dibble v. Winter*, 247 Ill. 243, the court, after stating that it had repeatedly held that the right to contest a will in chancery

is a right conferred by statute and independently of the statute no such right has ever been recognized by the courts of this State, cites a number of cases in support of the statement. The court further states (pp. 252, 253):

"The laws of descent and the laws governing the right to dispose of property are statutory, as is also the right to contest a will in chancery. Under the common law the validity of wills of real estate could only be contested in an action at law, while wills of personal property were established by the ecclesiastical courts. (*Luther v. Luther, supra* [122 Ill. 558]; 2 Pomeroy's Eq. Jur. sec. 913.) No right existed in favor of the heir to go into a court of chancery to contest the validity of a will independently of statute. (*Gaines v. Fuentes,* 92 U. S. 10; *Luther v. Luther, supra;* Horner on Probate Law,—2d ed.—sec. 69.) *The right to contest a will is not a vested one. The legislature, if it saw fit, could abrogate all of the provisions of our statutes authorizing will contests. (Sharp v. Sharp, 213 Ill. 332; Selden v. Illinois Trust and Savings Bank, supra [239 Ill. 67].)*" (Italics ours.)

In *Smith v. Toman,* 368 Ill. 414, the court said (p. 420):

"In somewhat analogous situations in litigation between private parties, this court has given consistent recognition to the principle that where the statute creates a right that did not exist at common law and restricts the time within which the right may be availed of, or otherwise imposes conditions, such statute is not a statute of limitation but the time element is an integral part of the enactment. . . . Statutes of limitation relate to the question of remedy by fixing a time within which a suit must be brought. Those statutes which create a substantive right unknown to the common law and in which time is made an inherent

210

element of the right so created, are not statutes of limitation."

Our Supreme court has held that even a conservator of an insane heir does not have the right to file a complaint to contest the validity of a will at the expiration of nine months from the date the will was admitted to probate. In *Masin v. Bassford,* 381 Ill. 569, the testator died July 21, 1940, and his will was admitted to probate on January 20, 1941. Anna Masin, a paternal aunt of the testator and one of his heirs, was adjudged insane on August 7, 1940. A conservator was appointed August 20, 1940, and he filed the complaint to contest the will on March 5, 1942, which was thirteen months and thirteen days after the will was admitted to probate and letters testamentary issued. In the trial court the appellees filed a motion to dismiss the complaint upon the sole ground that it appeared from the face of the complaint that the complaint was not filed within the time limited by law and that therefore the court had no jurisdiction. The trial court granted the motion to dismiss upon the sole ground urged. The Supreme court sustained the order of the trial court. In the opinion the court cites (pp. 570, 571) Section 90 of article 7 of the Probate Act of 1939 (Ill. Rev. Stat. 1941, chap. 3, par. 242), which provides: "within nine months after the admission to probate of a domestic or foreign will in the probate court of any county of this State, any interested person may file a complaint in the circuit court of the county in which the will was admitted to probate to contest the validity of the will. The right to institute or continue a suit to contest the validity of a will survives and descends to the heir, legatee, devisee, executor, administrator, grantee or assignee of the person entitled to institute the suit." The opinion proceeds (pp. 571, 572, 573):

"This court, in *Sharp v. Sharp,* 213 Ill. 332, held that a proceeding of this nature is controlled by the statute,

that it is not a statute of limitations, but a statute of repose, and that the legislature has a right to change the time within which a contest may be made and to say who shall have a right to contest. In that case the court said, 'It has been repeatedly held by this court that a bill in chancery to contest a will and to set aside the probate thereof can only be maintained in this State by virtue of the proviso to section 7 of the Statute of Wills.' It will be noted that the time formerly allowed to contest wills was fixed by section 7 of the Statute on Wills. In *Lewark v. Dodd,* 288 Ill. 80, it was held that the right to contest a will was purely statutory and can be exercised only in the manner and within the limitations prescribed by statute. In *Dibble v. Winter,* 247 Ill. 243, it was stated, 'No right existed in favor of the heir to go into a court of chancery to contest the validity of a will independently of statute. . . . The right to contest a will is not a vested one. The legislature, if it saw fit, could abrogate all of the provisions of our statutes authorizing will contests.'

". . .

"Under the authorities above cited the legislature has the power to fix the time as to contest of wills in any manner that it may desire, and the shortening of the time within which the contest can be brought and the failure to provide for an extension of time in behalf of persons *non compos mentis* is wholly within that power. We do not feel that the right to contest a will is a vested right, and have held that such action can be regulated only by statute. In the case of *People ex rel. Eitel v. Lindheimer,* 371 Ill. 367, this court said, 'If, before rights become vested in particular individuals, the convenience of the State induces amendment or repeal of the laws, these individuals have no cause to complain,' and further, 'there is no vested right in a public law which is not in the nature of a private grant, and, however beneficial a statute may be to a particular

person or however injuriously the repeal may affect him, the legislature has the right to abrogate it.' To the same effect is *Hire v. Hrudicka,* 379 Ill. 201."

In *Blyman v. Shelby Trust Co.,* 382 Ill. 415, the court said (p. 421): "This case clearly appears to be an attempt on the part of appellants to contest the validity of the probate of the will by a complaint in chancery for partition. The right to that relief is purely statutory and can be availed of only under section 90 of the Probate Act. Ill. Rev. Stat. 1941, chap. 3, par. 242."

██ Plaintiff relies upon the case of *Genslinger v. New Illinois Athletic Club,* 229 Ill. App. 428. That suit, brought by an executrix, was a trespass on the case proceeding, where the maximum time for bringing such action was fixed by the Statute of Limitations, and Section 20 of that statute gives a deceased's representative one additional year from the date of the death of a person entitled to bring such an action provided death occurred before the expiration of the time limited for the commencement of the action by the deceased. In our judgment that case has no application to the instant one. The Supreme court has stated a number of times that where a statute grants a right that did not exist at common law and restricts the time in which the right may be availed of or otherwise imposes conditions, such statute is not a statute of limitations. The instant case is not controlled by the Statute of Limitations but by a statute of repose. (See *Masin v. Bassford, supra,* p. 571.)

In our judgment the chancellor was fully justified in entering the decretal order in question.

We may state that it appears from the record that on April 17, 1947, the executrix of the last will and testament of Emmy Charlotte Kessler made distribution, filed her final account, and was discharged as such executrix. As we have heretofore stated, plaintiff did not file her complaint until September 8, 1947.

213

The decretal order of the Circuit court of Cook county is affirmed.

*Decretal order affirmed.*

FRIEND, P. J., and SULLIVAN, J., concur.