Betty Bailey Fourt and William Leon Bailey, by Betty Fourt, his Mother and Next Friend, Plaintiffs-Appellants, v. Tony DeLazzer, John Varadion, Harry Totosian, and D. L. Kacalieff, Defendants-Appellees.

Term No. 52–M–4.

191

 Opinion filed October 22, 1952. Released for publication November 28, 1952.

GILBERT ROSCH, of Granite City, for appellants.

KRAMER, CAMPBELL, COSTELLO & WIECHERT, of East St. Louis, and G. EDMUND COOK, of Madison, for appellees.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

The action in this case was instituted to recover damages under the Dram Shop Act by reason of the death of the husband and father of Betty Bailey Fourt and William Leon Bailey, appellants (hereinafter called plaintiffs), as against appellees, Tony DeLazzer, John Varadion, Harry Totosian, and D. L. Kacalieff, owners of premises or operators of a tavern. The cause alleged that the decedent, James Bailey, was sold or given intoxicating liquors by defendants on April 20, 1946, which caused his intoxication and that as a direct and proximate result of the intoxication the decedent received fatal injuries in a collision between the motorcycle on which he was riding and another motor vehicle.

At the time of the occurrences there was no special limitation in the Dram Shop Act of the State of Illinois governing the time within which an action thereunder could be instituted and proceedings under the Dram Shop Act were governed by the general provisions of the Limitations Act, so that in effect, there was a five-year period of limitation on such action. By an amendment to the Dram Shop Act which became effective August 10, 1949, it was provided that every action under the Dram Shop Act "shall be commenced within two years next after the cause of action ac-

crued.'' (1951 Illinois Revised Statutes, chapter 43, section 135 [par. 135, sec. 14; Jones Ill. Stats. Ann. 68.042].) It is thus apparent from the face of the complaint that the plaintiffs' cause of action was filed more than two years after such cause of action accrued.

Defendants filed motions to dismiss on the ground that the complaint showed on its face that the action had not been commenced within the two years next after the cause of action accrued, in accordance with the provisions of the Dram Shop Act, as amended. These motions were allowed and a judgment was entered in the circuit court dismissing the actions, and in bar of the claims of plaintiffs. Appeal was taken from such action of the circuit court of Madison county.

The sole question before us on appeal is whether or not the Dram Shop Act, as in force and effect when the suit was commenced, controls and governs so that a failure to file the action within a two-year period after the cause of action accrued would justify dismissal, or whether the cause of action which plaintiffs seek to assert in the present proceeding is not effected so far as the limitation is concerned, by the amendment of August 10, 1949.

■■ Normally, statutes are construed to operate prospectively, unless a contrary legislative intent appears (*Friedman et al. v. City of Chicago,* 374 Ill. 545; *New York Life Ins. Co. v. Murphy,* 388 Ill. 316), and retroactive effects as to any statutory enactments or amendments do not operate to destroy vested or substantive rights, but can and do destroy or eliminate remedies or procedures (*Lilly v. Grand Trunk Western Ry. Co.,* 312 Ill. App. 73; *Lubezny v. Ball,* 322 Ill. App. 78).

■■ A distinction is made, however, between cases where a vested common-law right of action exists and where the cause of action stems purely from stat-

194

utory enactments. It was not tort at common law to sell or give intoxicating liquor to an able-bodied individual, and the act of so doing would not impose legal liability upon the vendor of such liquor. (*Howlett v. Doglio,* 402 Ill. 311). The liability imposed by the Dram Shop Act is of purely statutory origin and is exclusively and expressly defined in the Dram Shop Act (*Howlett v. Doglio, supra*). The legislature has created the rights, and in the same statutory enactment, has imposed conditions and restrictions upon the assertion of such rights.

██ ██ The Illinois Supreme Court, in the case of *Wall v. Chesapeake & Ohio Ry. Co.,* 290 Ill. 227, at page 232, in considering the statutory provision involving death by wrongful act, points out, that the Injuries Act confers jurisdiction on the courts which they did not have before it was given to them by the legislature, and that in that case the amendment had taken from the courts authority conferred by a previous Act to entertain actions for wrongful death which occurred in a State other than Illinois. The Supreme Court pointed out that the Act gave no vested right to anyone interested in recovering damages by death from a wrongful act occurring outside of the State, and that the legislature could have, had it seen fit, entirely repealed the statute and thereby swept away the entire remedy provided by it. In the language of the Supreme Court, at page 232,

"There is no vested right in a public law which is not in the nature of a private grant. However beneficial an act of the legislature may be to a particular person, or however injuriously its repeal may affect him, the legislature would clearly have the right to abrogate it. *Sharp v. Sharp,* 213 Ill. 332."

"It is well settled that if a statute giving a special remedy is repealed without a savings clause in favor

of pending suits, all suits must stop where the repeal finds them.''

This principle has been adhered to in the cases decided in this State (*People ex rel. Eitel v. Lindheimer*, 371 Ill. 367; *Hire v. Hrudicka*, 379 Ill. 201; *Cooney v. F. Landon Cartage Co.*, 308 Ill. App. 444).

■ The proviso in the amendment adopted in 1949 indicates that it was the intention of the legislature that the Act operate as to all actions instituted thereunder, whether the incidents occurred prior to the effective date of the Act, or after the effective date of the Act, since it specifically states that every action thereunder shall be commenced within two years next after the cause of action ''accrued.'' Had it been the legislative intention to make such proviso operate only prospectively, the past tense would not have been used and the proviso might have been framed to operate after the cause of action ''accrues.'' There is nothing in the Act to indicate that it was the legislative intent to make such proviso inoperative as to occurrences prior to the effective date of the amendment. The limitation provision of the Act as in force and effect at the time the claim was filed governs, rather than the limitation provision which may have been in effect when the occurrences giving rise to the claim happened (*DuQuoin High School Dist. No. 100 v. Industrial Commission*, 329 Ill. 543; *Hilberg v. Industrial Commission*, 380 Ill. 102). Since the right of action is purely statutory under the Dram Shop Act the court's jurisdiction could only be exercised subject to the limitation prescribed by the statute which was in force and effect when the court's jurisdiction was invoked (*Sharp v. Sharp, supra*).

■ It is, therefore, our conclusion that in the instant case plaintiffs had no vested right in the statute as in force and effect on April 20, 1946 when the inci-

dents occurred since the statute was amended prior to the institution of action by plaintiffs specifically imposing a two-year limitation as herein set forth. The motions to dismiss on the ground that the action was instituted after the two-year period were properly allowed.

Appellant contends that sec. 4 of chap. 131, Illinois Revised Statutes [par. 4, sec. 4; Jones Ill. Stats. Ann. 27.16], applies in this instance and precludes the foregoing result. All of the precedents cited in this opinion were decided while that statute was in effect. The amendment to the Dram Shop Act creates an entirely new and different cause of action in that a time limit is placed on the commencement thereof as a condition of liability and necessary element of the cause of action. It is an outright repeal, in effect, of the old statutory right of action which contained no specific limitation of time as a condition of liability. This is quite different from an amendment to a statute of limitation. To apply section 4, of chapter 131 in this case would, in our opinion, be inconsistent with the manifest legislative intent.

The judgment of the circuit court of Madison county allowing such motions and entering judgment in bar of the action will, therefore, be affirmed.

*Judgment affirmed.*

BARDENS, P. J. and SCHEINEMAN, J., concur.