245 F.2d 908
 Katherine SEAL and Charles Seal, James Seal and Leslie Seal, minors,â€  by their mother and next friend, Katherine Seal, Plaintiffs-Appellants,
v.
AMERICAN LEGION POST NO. 492, American Legion Memorial Association, Harry Clabaugh, doing business as The Diamond Inn, and Emmett Scoggins and Dora A. Scoggins, doing business as The East Side Tavern, Defendants-Appellees.
 No. 11938.
 United States Court of Appeals Seventh Circuit.
 June 21, 1957.
 
 Robert F. Godfrey, East St. Louis, Ill., Jack A. Alfeld, Carrollton, Ill., for appellant.
 Charles E. Bliss, Taylorville, Ill., Frank G. Schubert, Springfield, Ill., Hershey & Bliss, Taylorville, Ill., for defendants-appellees.
 Before MAJOR, FINNEGAN and SCHNACKENBERG, Circuit Judges.
 SCHNACKENBERG, Circuit Judge.
 
 
 1
 The plaintiffs brought suit on July 25, 1956, in reliance on section 14 of the Illinois Liquor Control Act,[1] to recover damages for loss of their means of support in consequence of the intoxication of Charles Storey Seal, husband and father of plaintiffs. Plaintiffs charged that the defendants, American Legion Post No. 492, Dora A. Scoggins and Harry Clabaugh, on July 26, 1954, sold or gave to Seal intoxicating liquors which caused his intoxication and in consequence thereof he was seriously and permanently injured in an automobile accident, which will prevent his employment in gainful employment in the future.[2]
 
 
 2
 Defendant Clabaugh by his answer, and Post No. 492, the Association, and the two Scoggins' by motion, asked the court to dismiss the complaint, on the ground that the action was not commenced within one year next after July 26, 1954, when the cause of action accrued, as provided by section 135, chapter 43, Illinois Revised Statutes, as amended effective July 1, 1956.
 
 
 3
 The district court entered a judgment dismissing the complaint on that ground and this appeal followed.
 
 
 4
 On July 26, 1954 when plaintiffs' cause of action accrued, section 135 contained the following language: "provided that every action hereunder shall be commenced within two years next after the cause of action accrued." Section 135 was amended in 1955, effective July 1, 1956. It changed the foregoing language to read: "provided that every action hereunder shall be barred unless commenced within one year next after the cause of action accrued."
 
 
 5
 The bill making the 1955 amendment, effective on July 1, 1956, was approved by the governor on July 14, 1955. Thus the date when this legislation took effect was postponed from July 14, 1955 to July 1, 1956, a period of almost one year in which plaintiffs might have filed this suit. However, they waited until July 25, 1956 and accordingly find their suit challenged.
 
 
 6
 Illinois law governs in our disposition of this case. The case of Orlicki v. McCarthy, 4 Ill.2d 342, 122 N.E.2d 513, is controlling. At page 354, of 4 Ill.2d, at page 519 of 122 N.E.2d, the court said:
 
 
 7
 "On the basis of the foregoing authorities, therefore, it is our judgment that the time limitation amendment herein should be retroactively applied on the grounds that the legislature so intended, and that it is procedural in character. * * *"
 
 
 8
 In its opinion the court referred to McQueen v. Connor, 385 Ill. 455, 53 N.E.2d 435, involving a statute which reduced the time to contest a will to nine months, the court saying, at page 349, 122 N.E.2d at page 516:
 
 
 9
 "* * * The court, in applying the amendment retroactively in the McQueen case, also stated that since the change was one of procedure, and inasmuch as the right and remedy of the appellant were not destroyed, since there was still two and one half months within which to bring suit before the expiration of the new nine-month-period, the Saving Statute did not apply."
 
 
 10
 Inasmuch as, in the case at bar, almost a year was allowed by the 1955 amendment in which plaintiffs could have filed their action, we believe that, as in the Orlicki v. McCarthy case, the legislature intended that the one year time limitation amendment should be retroactively applied.
 
 
 11
 Plaintiffs argue that, inasmuch as some of them are minors, "a statute to constitute a bar to the enforcement of any rights possessed by such minors must specifically indicate the legislative intent that it should so apply against rights of minors, otherwise it will be presumed the legislation was enacted with full recognition of established rules of law protecting minors."
 
 
 12
 They cite Maskaliunas v. Chicago & Western Indiana Railroad Co., 318 Ill. 142, 149 N.E. 23,2a McDonald v. City of Spring Valley, 285 Ill. 52, 120 N.E. 476, 2 A.L.R. 1359; Waechter v. Industrial Commission, 367 Ill. 256, 11 N.E.2d 378, and Oran v. Kraft-Phenix Cheese Corp., 324 Ill.App. 463, 58 N.E.2d 731.
 
 
 13
 The cause of action in such a case is purely statutory. Cruse v. Aden, 127 Ill. 231, 20 N.E. 73, 3 L.R.A. 327; James v. Wicker, 309 Ill.App. 397, 402, 33 N.E.2d 169; Fourt v. DeLazzer, 348 Ill.App. 191, 194, 108 N.E.2d 599. The court said in Howlett v. Doglio, 402 Ill. 311, 318, 83 N.E.2d 708, 712, 6 A.L.R.2d 790, "The liability imposed and the nature of the damage recoverable is of statutory origin * * *."
 
 
 14
 Accordingly, there is a distinction between the cases where a vested common-law right of action exists and where a cause of action stems purely from statutory enactments. In the Illinois Dram Shop Act, the legislature has created certain rights, and, in the same statutory enactment, has imposed conditions and restrictions upon the exercise of such rights. Fourt v. DeLazzer, supra, 348 Ill.App. 194, 108 N.E.2d 599. Plaintiffs in a dram shop case, such as that at bar, have no vested right in the statute in effect when the alleged cause of action accrued.
 
 
 15
 Nevertheless, plaintiffs contend that it is the public policy of the state of Illinois "that courts should guard carefully the rights of minors and that a minor should not be precluded from enforcing his rights unless clearly debarred by some statute or constitutional provision". However, in Masin v. Bassford, 381 Ill. 569, 46 N.E.2d 366, 367, where a conservator of an incompetent person had filed a suit to contest a will under the Illinois Probate Act of 1939, S.H.A.Ill. ch. 3, § 151 et seq., it was held that plaintiff's complaint was properly dismissed because it had not been filed within nine months after the admission of the will to probate. The 1939 act eliminated from a prior statute a clause saving to "infants and non compos mentis, the like period after the removal of their respective disabilities" and plaintiff contended that it thereby "deprives minors and persons non compos mentis of the protection of the due process clauses of the Bill of Rights as well as of the constitution of the State of Illinois". The court said, 381 Ill. at page 572, 46 N.E.2d 366, that the right to contest a will is not vested and that such action can be regulated only by statute. It further held, 381 Ill. at page 573, 46 N.E.2d 366, that the trial court was without jurisdiction to entertain the complaint because it was filed more than nine months after the will had been admitted to probate.
 
 
 16
 If the Illinois legislature intended that the provision in the Dram Shop Act, or in the 1955 amendment thereof, in reference to the time within which an action for damages under section 14 thereof must be brought, was not to apply to minors, it could have said so. By its omission to do so, it evinced an intention that minor plaintiffs were subject to the same time provisions as were adults. We have no right to make a distinction which the legislature did not see fit to make. Therefore, the right of the minors to bring the action in the case before us was barred by failure to comply with the 1955 amendment.
 
 
 17
 For these reasons the judgment of the district court is affirmed.
 
 
 18
 Judgment affirmed.
 
 
 
 Notes:
 â€  We have inserted the word "minors" although the minority of Charles Seal, James Seal and Leslie Seal is not alleged or otherwise shown in the record, unless by questionable implication.
 
 
 [1]
 Sec. 135, ch. 43, Illinois Revised Statutes, 1955
 
 
 [2]
 It is further charged that defendant American Legion Memorial Association was the owner of the premises where Post No. 492 sold intoxicating liquors and defendant Emmett Scoggins was the owner of the premises where Dora A. Scoggins engaged in similar sales
 2a. Incorrectly cited by appellants' brief as Mapes v. Vandalia R. Co., 238 Ill. 142, 87 N.E. 393. This error is one of many occurring in their brief in this court. This carelessness has impeded this court in consideration of the case.