Stanley Orlicki, Sr., and Anna Orlicki, Appellants, v. John F. McCarthy and Margaret M. McCarthy et al., Appellees.

Gen. No. 46,224.

Opinion filed April 20, 1954. Released for publication May 13, 1954.

JULIUS L. KABAKER, of Chicago, for appellants.

HEINEKE & CONKLIN, of Chicago, for certain appellees, ALBERT M. HOWARD, of Chicago, for certain other appellees; WILLIAM H. SCHRADER, RALPH MILLER, and CHARLES D. SNEWIND, all of Chicago, of counsel.

MR. PRESIDING JUSTICE SCHWARTZ delivered the opinion of the court.

Plaintiff's complaint, setting forth a cause of action under the Dramshop Act, was dismissed upon motion on the ground that the amendment to the Act passed by the 1949 session of the legislature, effective August 1949 [Ill. Rev. Stats. 1949, ch. 43, § 135; Jones Ill. Stats. Ann. 68.042], was applicable to this action. The cause of action accrued July 10, 1949, and suit was not started until September 27, 1951. The amendment reduced a five-year period of limitations to two years and hence if applied retroactively outlawed the cause

of action here. In *Fourt v. DeLazzer,* 348 Ill. App. 191 (Oct. 1952) the Appellate Court for the Fourth District in an action under the Dramshop Act held that the 1949 amendment was retroactive. In *Steiskal v. Straus* (No. 10691, Dec. 1953), the Appellate Court for the Second District held to the contrary. We are advised that a petition for rehearing has been allowed and the case is now being reconsidered.

■ A similar question was before this court in *Theodosis v. Keeshin Motor Exp. Co.,* 341 Ill. App. 8. That case involved the amendment to the Injuries Act of 1947 which increased the limit of recovery for wrongful death from $10,000 to $15,000 (Ill. Rev. St., ch. 70, par. 2 [Jones Ill. Stats. Ann. 38.02]). We held that the amendment was not retroactive. A number of opinions by trial judges in cases under the Injuries Act and the Dramshop Act were submitted to us. *Monroe v. Chase,* 76 F. Supp. 278 (JUDGE WHAM); *Haut v. McGlone,* 46 C 10366 (CIRCUIT COURT JUDGE SCHNACKENBERG); *English et al. v. Glenn,* 49 S 11540, *Trust Co. v. Sales,* 46 S 14549, *Osterling v. Sales,* 46 S 14550, and *Marich v. Sales,* 47 S 1148 (SUPERIOR COURT JUDGE CROWLEY); and *Wojcik v. Roeters,* 47 C 10479 (CIRCUIT COURT JUDGE HARRY M. FISHER). JUDGES WHAM, CROWLEY and SCHNACKENBERG held that the amendments were not retroactive. JUDGE FISHER held to the contrary. We considered these opinions and other precedents then available to us. We pointed out that the principle that legislation should be prospective in its application is deeply imbedded in English and American law. Express prohibitions against such retroactive effects have been embodied in the constitutions of some States, although not of Illinois. In our State, however, we have a statute (Ill. Rev. Statutes 1951, ch. 131, par. 4 [Jones Ill. Stats. Ann. 27.16]) which provides that a new law should not be construed

184

to repeal a former law as to any act done or "any right accrued, or claim arising under the former law . . . or any right accrued or claim arising before the new law takes effect, save only that the proceedings thereafter shall conform, so far as practicable, to the laws in force at the time of such proceeding." There are many Illinois cases in which this principle has been discussed and sustained. *Seegar v. Seegar,* 19 Ill. 121; *Parmelee v. Lawrence,* 44 Ill. 405, 414; *Bauer Grocer Co. v. Zelle,* 172 Ill. 407; *Steger v. Traveling Men's Building & Loan Ass'n,* 208 Ill. 236; *Dobbins v. First Nat. Bank of Peoria,* 112 Ill. 553; *Beutel v. Foreman,* 288 Ill. 106; *Eddy v. Morgan,* 216 Ill. 437; *Miner v. Stafford,* 326 Ill. 204; *Merlo v. Johnston City & Big Muddy Coal & Mining Co.,* 258 Ill. 328.

On the other hand, in *Wall v. Chesapeake & Ohio Ry. Co.,* 290 Ill. 227, the court retroactively applied the Act of 1903, prohibiting the bringing of an action in this State to recover for a death occurring outside the State. In that case the Supreme Court held that plaintiff had no vested right in the proceeding when he commenced it before the statute was effective and that he commenced his action with the full knowledge that it was within the power of the legislature to declare that no such actions could be maintained in this State. Justices Dunn, Carter and Stone dissented from this opinion.

In the case of *Carlin v. Peerless Gas Light & Coke Co.,* 283 Ill. 142 (1918), the court held that an amendment reducing the period within which an action for wrongful death could be brought would be given retroactive effect. That case involved the amendment to the Injuries Act of 1903 which reduced the limitation from two years to one year. It appears to have been fifteen years before the validity of that amendment was passed upon by our Supreme Court. The court held

185

that it should be applied retroactively on the ground that an action for wrongful death was unknown to the common law, hence having been created by statute, it could be changed by statute. JUSTICE CARTER vigorously dissented from the decision of the court.

In deciding *Theodosis v. Keeshin, supra,* we felt there was a distinction between the retroactive application of an Act limiting the time within which a death action may be brought and of an Act which increased the amount of recovery. That distinction is based upon the reasoning in a number of cases that an increase in the amount recoverable against a defendant is the equivalent of imposing a new liability on him. To apply such an amendment retroactively would be the same as if the original Injuries Act [Ill. Rev. Stats. ch. 70, §§ 1, 2; Jones Ill. Stats. Ann. 38.01, 38.02] providing a remedy for wrongful death had been retroactively applied to deaths prior thereto. While there are no Illinois cases, other jurisdictions have sustained the principle. *Keeley v. Great Northern Ry. Co.,* 139 Wis. 448, 121 N. W. 167; *Quinn v. Chicago, M. & St. P. Ry. Co.,* 141 Wis. 497, 124 N. W. 653; *O'Reilly v. Utah, N. & C. Stage Co.,* 87 Hun 406, 34 N. Y. Supp. 358, approved in *Isola v. Weber,* 147 N. Y. 329, 41 N. E. 704. The principle is stated negatively as being the right of a defendant to an exemption from liability in excess of the amount prescribed at the time the cause of action accrued. While this is a distinction that has been made by the courts and while it distinguishes *Theodosis v. Keeshin, supra,* from *Carlin v. Peerless Gas Light & Coke Co., supra,* it is hard to see any good reason for saying to one man, "You cannot be sued for more than was provided by law at the time you committed the tort complained of," and to another, "While your claim can be properly litigated under the old law, you are out of court under the new."

■ Defendants contend that the right of action under the Dramshop Act does not create a vested right and hence may be modified or repealed in whatever way the legislature determines. We have made an examination of the cases in which the classification of vested and nonvested rights was used in the determination of whether a statute was to be given retroactive effect. The only conclusion we could arrive at was that a vested right was one on which a statute could not operate retroactively.

The defendants argue that the Dramshop Act is a penal statute in derogation of the common law because it imposes a liability without fault, and that we should therefore resolve all doubtful questions against its application. They cite in support of this a case recently decided by this court, *DeLude v. Rimek,* 351 Ill. App. 466. What we said in that case (pp. 471–2) was that while "the Dram Shop Act imposes liability without 'fault,' and in that respect is punitive, we are of the opinion that as the remedy provided is compensation for damages, it is in that aspect remedial." We did not undertake in any way to pass upon the penal aspects of the Dramshop Act. Insofar as the question had a bearing on the points involved in that case, the Dramshop Act was remedial and not punitive.

■■ Defendants also argue that an action under the Dramshop Act is a statutory proceeding and as such should be given retroactive effect. While sometimes the phrase "statutory proceeding" is used loosely to include an action such as one under the Dramshop Act, a more careful definition restricts the phrase to proceedings such as the Workmen's Compensation Act in which the statute not only creates a new right but provides for a new type of proceeding by which the right may be exercised. Neither an action

187

for wrongful death nor a suit under the Dramshop Act is such a proceeding because, while the right does not exist independently of the statute, the proceeding for its enforcement is a regular common-law proceeding. (*Reid v. Chicago Rys. Co.*, 231 Ill. App. 58). In *Stanswsky v. Industrial Commission*, 344 Ill. 436, and *Playhouse Theatre v. Industrial Commission*, 346 Ill. 509, the court had under consideration amendments to the Workmen's Compensation Act which did not include any provision with respect to their retrospective effect. The court, relying upon ch. 131, par. 4 of the statutes, *supra,* held that the amendments should not be applied retroactively. Thus even when confined to the more restrictive definition of "statutory proceedings," our courts have not consistently given retrospective effect to legislation. That the rationale of the doctrine has its weaknesses is demonstrated when we ask ourselves what the courts would do if the legislature repealed the Workmen's Compensation Act and made the repeal retroactive.

 Notwithstanding what we have said, we feel it our duty to sustain the decision of the trial court for two reasons: First, the precedent established by *Carlin v. Peerless Gas Light & Coke Co., supra,* has not been specifically modified by the Supreme Court. Second, it is important to the orderly administration of justice that the question be settled by the Supreme Court. In his brief, counsel for the plaintiffs opens his argument by saying that the question is of great moment not only to the instant plaintiffs but to all the litigants in the many suits now pending in the courts of this State involving similar issues as well as "to the general jurisprudence of the state in the field of retrospective effect of legislation." We concur in this and we will grant

a certificate of importance if the plaintiffs should request one.

*Judgment affirmed.*

Robson, J., concurs.
Tuohy, J., took no part.