Myrtle Hindman, Plaintiff-Appellant, v. Clarence Holmes and James Hindman, Defendant-Appellee.

Term No. 54–O–18.

Fourth District.
February 1, 1955.
Released for publication March 3, 1955.

R. W. Harris, and David A. Warford, both of Marion, for appellant.

August L. Fowler, of Marion, for appellee.

MR. JUSTICE BARDENS delivered the opinion of the court.

This action was brought by plaintiff against the defendant Clarence Holmes and the defendant-appellee James Hindman to recover damages occasioned by the alleged negligence of the defendant Holmes and the wilful and wanton misconduct of the defendant Hindman, husband of the plaintiff. In the answer filed by defendant-appellee Hindman, two special defenses were set out alleging that at the time and place of the occurrence the plaintiff was the wife of said defendant and that the said action is barred as against him by reason of the provision of section 1 [Ill. Rev. Stats. 1953,

ch. 68, § 1; Jones Ill. Stats. Ann. 64.01] of "An Act to Revise the Law in Relation to Husband and Wife," approved March 30, 1874, as amended in 1953. Plaintiff moved to strike the special defenses and defendant Hindman filed a motion for judgment on the pleadings. The motion for judgment on the pleadings was allowed and the motion to strike the special defenses denied and judgment was entered in favor of defendant Hindman and against the plaintiff in bar of the action. The lower court judgment did not dispose of the action insofar as the defendant Holmes was concerned and he is, therefore, not a party to this appeal. Hereafter, when reference is made to "defendant," it will be to the defendant Hindman.

Prior to 1953 the material portion of section 1 of "An Act to Revise the Law in Relation to Husband and Wife" read as follows: "A married woman may in all cases sue and be sued without joining her husband with her to the same extent as if she were unmarried." In the case of Brandt v. Keller, 413 Ill. 503, 109 N.E.2d 729, the court held that this permitted a married woman to sue her husband for a wilful and wanton act. After the above decision and on February 17, 1953, the instant suit was filed. The legislature thereafter and by an act approved June 24, 1953, amended the above section by adding the following proviso: "Provided, that neither husband nor wife may sue the other for a tort to the person committed during coverture." The sole question involved in this case is whether or not the proviso bars the plaintiff's action against her husband.

Plaintiff's contention is that the lower court committed error in entering judgment in bar of her action because the proviso of the section added in 1953 should be construed to give a prospective effect only; and further contending that any rights in the plaintiff were saved by the general saving statute, Illinois Revised Statutes, chapter 131, paragraph 4 [Jones Ill. Stats. Ann. 27.16]. Defendant, on the other hand, contends

that plaintiff's right to bring an action was entirely dependent upon the statute; that she had no vested right in such action; and that the amendatory proviso of 1953 took away the right of the wife to sue her husband in tort and barred all pending actions in that respect which had not then been reduced to judgment.

We do not deem it necessary or helpful to review the many authorities dealing with the question of the retroactive effect of legislation. The cases are fully discussed and analyzed in the recent cases of Orlicki v. McCarthy, 2 Ill.App.2d 182, 119 N.E.2d 1, aff'd 4 Ill.2d 342, 122 N.E.2d 513; Fourt v. DeLazzer, 348 Ill. App. 191, 108 N.E.2d 599; and Theodosis v. Keeshin Motor Exp. Co., 341 Ill. App. 8. We could add nothing that has not been treated in those cases.

In the case at bar the power of the legislature to prohibit the prosecution of this suit is not challenged. The only contention made is that the proviso of 1953 should not bar this pending action if properly construed. Our decision, therefore, hinges on the meaning and effect of the proviso. This in turn depends largely on the meaning of the word "sue" as used in the proviso. Plaintiff contends the word "sue" means "to bring an action against"; that since her action had already been commenced, there is nothing in the proviso, therefore, to bar the prosecution of the suit to its final conclusion. Defendant, on the other hand, says that the word "sue" encompasses "The bringing of an action and proceeding with it and prosecuting the same to its final determination." Plaintiff cites two cases, namely, Challenor v. Niles, 78 Ill. 78, 79; and Keller v. Industrial Commission, 350 Ill. 390, 183 N. E. 237. The Challenor case involved a construction of the second section of the Practice Act of 1874 providing that "It shall not be lawful for any plaintiff to sue any defendant out of the county where the latter resides or may be found. . . ." The plaintiff in that case had filed a scire facias to revive judgment and the court held

282

that was not a suit within the meaning of the statute involved. There was thus no occasion for the court to determine whether the word "sue" meant simply the commencement of the action of the commencement and prosecution of it. The same may be said of the Keller case which held that a wife could bring a proceeding against her husband under the Compensation Act and that such a proceeding was not a suit in tort. In the course of the opinion the court did define the word "sue" in three different ways, namely; "To bring an action against"; "To prosecute judicially"; and "To proceed legally to secure a right or redress a wrong." We find Webster's New International Dictionary, second edition, gives the following definitions for the word "sue"; "To seek justice or right by legal process"; "To bring action against"; "To proceed judicially"; "To proceed with, as an action, and follow it up to its proper termination." Bouvier's Law Dictionary defines the word "sue" as "To commence or to continue legal proceedings for the recovery of a right."

While we have no doubt the word "sue" in certain contexts means simply the bringing of an action or suit, the common and usual meaning of the word encompasses not only the bringing of the action but the prosecution of such action to a conclusion. This latter and broader definition is particularly applicable to the context as used in the act in question, commonly called the "Married Woman's Act." The first part of the paragraph simply gives married women the right to sue and be sued the same as if they were single. To construe that phraseology to mean that a married woman could commence an action but could not thereafter prosecute it, would do extreme violence to the obvious intent of the legislature and would nullify the act completely. We find no reason to conclude that the word "sue" in the proviso added in 1953 has any different or more restrictive meaning than it does in the opening clause to which the proviso is attached. We, therefore,

283

hold that the legislature by the 1953 proviso meant to bar the commencement and the prosecution of any suit by a wife against husband for a tort committed during coverture. Thus, the ruling of the trial court is correct.

 Plaintiff argues that paragraph 4, chapter 131, Illinois Revised Statutes, 1953, is controlling in this case. We consider this paragraph as an aid to construction only when the clear legislative intent is not ascertainable from the provisions of the statute being construed. A statute itself affords the best means of its exposition, and if the legislative intent can be ascertained from its provisions, the intent will prevail without resorting to other aids for construction. People ex rel. Nelson v. Olympic Hotel Building Corp., 405 Ill. 440, 91 N.E.2d 597; People v. Shamery, 415 Ill. 177, 112 N.E.2d 466. We have found the legislative intent from the provisions of the statute and paragraph 4, chapter 131, Illinois Revised Statutes, 1953, is therefore not pertinent to our inquiry.

The judgment of the lower court is affirmed.

Judgment affirmed.

CULBERTSON, P. J. and SCHEINEMAN, J., concur.