Doris L. Pratt, as Administrator of Estate of Edwin Emory Pratt, Deceased, Plaintiff-Appellant, v. James F. Hayes, as Administrator of the Estate of William Ray Hayes, Deceased, Defendant-Appellee.

Gen. No. 11,188.

Second District, Second Division.

February 18, 1959.

Released for publication March 7, 1959.

Granger, Beckers, Snow & Brandenburg, of Kankakee, for plaintiff-appellant.

Butz, Blanke & Stith, of Kankakee, for defendant-appellee.

JUSTICE CROW delivered the opinion of the court.

In this case the complaint was filed on February 6, 1957 to recover for the alleged wrongful death of the plaintiff's intestate on February 14, 1955. The trial court on the motion of the defendant entered a final judgment dismissing the suit upon the grounds that the action was not brought within one year of the death of the plaintiff's intestate, as provided by Section 2 of the Injuries Act prior to the amendment made thereto approved July 14, 1955, House Bill 777: Laws, 1955, p. 2006. The plaintiff appeals.

The statute at the time the alleged cause of action arose, February 14, 1955, provided, in part,—". . . every such action shall be commenced within one year after the death of such person. . . .": Ch. 70, Ill. Rev. Stats., 1953, par. 2. The General Assembly, on

June 2, 1955, passed House Bill 565, and the same was approved June 9, 1955, amending Section 2 of the Injuries Act: Laws, 1955, p. 293. This amendment to the Injuries Act set out Section 2 substantially as it existed on the date of the death of the plaintiff's intestate, including the provision as to the time limitation for commencing suit that—". . . every such action shall be commenced within one year after the death of such person. . . . ,"—and also added a new last paragraph which, in effect, barred any of the next of kin who were contributorily negligent from receiving any portion of the damages allowed. Thereafter, on June 29, 1955, the Legislature passed House Bill 777, again amending Section 2 of the Act, and the same was approved on July 14, 1955: Laws, 1955, p. 2006. By this last amendment the maximum amount of any recovery for wrongful death was increased from $20,000 to $25,000 where the death occurred on or after the effective date of that amendatory Act. It further provided that any recovery should be apportioned among the next of kin in proportion to the percentage of their dependency upon the deceased rather than in accordance with the law of descent, and this last 1955 amendment further read, as to the time limitation for commencing suit: ". . . every such action shall be commenced within two years after the death of such person. . . ." Both of the 1955 amendments are set out in Ch. 70, Ill. Rev. Stats., 1955, par. 2. In the 1957 revised statutes only the section as amended by the last 1955 amendment and as further amended in 1957 is set out: Ch. 70, Ill. Rev. Stats., 1957, par. 2.

The sole issue in this case is whether the two year time limitation amendment to the Injuries Act, House Bill 777, approved July 14, 1955, Laws, 1955, p. 2006, applies to causes of action arising prior to the enactment of the amendment, thus permitting this suit filed

February 6, 1957, after that last 1955 amendment, and being within two years, but not within one year, of the alleged wrongful death.

The defendant states that an examination of authorities in this State fails to disclose any previous decisions on this precise question by our Supreme Court or the Appellate Courts, but argues that there is ample authority based on reason and the application of rules of statutory construction to support the decision of the trial court for the defendant.

It is the theory of the defendant that only a prospective application of House Bill 777 was intended by the legislature; and that no retroactive application of the two year suit limitation as to a cause of action arising prior thereto was expressed or is to be implied.

The title of this last 1955 amendment, House Bill 777, was "An Act to amend Section 2 of 'An Act requiring compensation for causing death by wrongful act, neglect, or default,' approved February 12, 1853, *as amended.*" It consists of but one section, Section 1. The initial language thereof is: "Section 2 of 'An Act requiring compensation for causing death by wrongful act, neglect or default,' approved February 12, 1853, *as amended,* is amended to read as follows: . . . ." It then sets forth Section 2 of the 1853 act as it is to read in its so amended form. That consists of some five paragraphs. It is complete within itself. It would appear to purport to be an overall inclusive provision, or set of provisions, as to the subject it deals with. It is not just a change of a word, or few words, or a sentence, or few sentences, or a paragraph, or few paragraphs of the prior Section 2. It is a complete statement, or setting forth, or provision of Section 2.

The first 1955 amendment, House Bill 565, had the same title, also consisted of but one section, its initial language was the same, and its general format was the same, although, of course, its provisions as to the

460

time limitation for suit, here involved, and as to some other matters were different.

The first paragraph of the new Section 2 of the 1853 act as amended by the last 1955 amendment recites as follows: *"Every such action* shall be brought by and in the names of the personal representatives of such deceased person, . . ." and, as to the limitation of damages it provides: ". . . not exceeding $20,000 *where such death occurred prior to the effective date of this amendatory act of 1955,* and not exceeding $25,000 *where such death occurred on or after the effective date of this amendatory act of 1955."*

The second paragraph begins: "The amount recovered *in any such action* shall be distributed by the Court . . ."

The third paragraph begins: "Where the wrongful act, neglect, or default causing the death occurred *on or after July 25, 1949,* . . ."

Then the fourth paragraph begins: "Provided, that *every such action* shall be commenced within two years after the death of such person. . . ."

And the fifth paragraph begins: *"In any such action* to recover damages where the wrongful act, neglect, or default causing the death occurred *on or after the effective date of this amendatory act of 1955,* it shall not be a defense . . . ."

Considering the title of the last 1955 amendment, and its initial language, and the previous adoption and approval of the first 1955 amendment, together with the possible or probable existence on June 29, 1955 of many alleged causes of action for wrongful death which had arisen before that time, the above underscored inclusive language in those paragraphs would appear rather clearly to indicate the legislature had in mind pre-existing possible alleged causes of action as well as causes of action to occur in futuro and that it was the legislature's intention that the new Section 2 of the 1853 act as amended by the last 1955

461

amendment, House Bill 777, was to apply to *every* such action, or *any* such action, for alleged wrongful death, whether the alleged cause of action giving rise thereto arose before or after the effective date of that last 1955 amendment. When the first, second, third, and fifth paragraphs contemplate pre-existing alleged causes of action as well as causes of action thereafter to arise, and are applicable to both situations, so far as material, it is difficult to believe the fourth paragraph containing the two year time limitation for suit was intended to mean something else and to apply only to alleged causes of action thereafter accruing. The legislature could easily have provided a different time limitation for suits on causes of action arising before as distinguished from causes of action arising after the effective date of the last 1955 amendment. But it did not do so.

It would not seem reasonable to believe that the legislature intended there should be, after July 1, 1955, two separate, distinct, co-existing Sections 2 of the Injuries Act of 1853, as amended, one being that provided by the first 1955 amendment, House Bill 565, and the other that provided by the last 1955 amendment, House Bill 777. The last must have been intended to supersede and be substituted for the first. The first must have been intended to drop out and no longer to exist after the last had become effective.

If the last 1955 amendment were construed to apply, as to the two year time limitation on suits, only to causes of action arising after it became effective, as the defendant urges, then since the first 1955 amendment and its one year time limitation had apparently necessarily been superseded by the last 1955 amendment, there would evidently be, under that view, no time limitation in the act as to suits on alleged causes of action arising prior to the effective date of the last 1955 amendment, and that would not aid the defendant. We cannot attribute to the legislature an inten-

462

tion to leave such an anomalous hiatus in the law as to time limitations on such suits.

▮ Where two separately adopted amendments to a statute or section relating to the same subject matter are adopted at the same session and are so inconsistent and repugnant that they both cannot contemporaneously operate and be given effect, the later amendment in point of time necessarily controls: People v. Mattes (1947) 396 Ill. 348; Turley v. Arnold (1943) 384 Ill. 158; People v. Illinois Cent. R. Co. (1920) 295 Ill. 408. The provision "every such action shall be commenced within one year after the death of such person" is certainly inconsistent with and repugnant to the provision "every such action shall be commenced within two years after the death of such person."

In Carlin v. Peerless Gas Light Co. (1918) 283 Ill. 142, the alleged wrongful death occurred April 9, 1903. The suit was begun May 4, 1904. At the time of the alleged wrongful death the Injuries Act provided that such actions should be commenced within two years after the death. The act was amended by an act approved May 13, 1903, in force July 1, 1903, which reduced the time within which such actions should be brought to one year after the death. The Court held that the act as amended May 13, 1903, effective July 1, 1903, applied retroactively to the alleged cause of action arising April 9, 1903 and the suit brought May 4, 1904, and hence that the defendant's special plea that the suit had not been brought within a year after the death as provided by the act as so amended was good and the plaintiff's demurrer thereto should have been overruled.

In Wall v. Chesapeake and O. R. Co. (1919) 290 Ill. 227 the alleged wrongful death occurred May 24, 1896 in Cincinnati, Ohio. The suit was started June 8, 1899 in the Circuit Court of Cook County, Illinois. The Injuries Act of 1853, in effect at the time the al-

leged cause of action arose, conferred jurisdiction upon the Courts in cases of alleged wrongful death, which at that time enabled an Illinois Court, by comity, to entertain a suit for alleged wrongful death occurring outside of Illinois, based on a foreign state's statute, such not then being prohibited by Illinois law, or against morals or natural justice, or the general interests of Illinois citizens. In 1903 Section 2 of the Injuries Act was amended to provide that "no action shall be brought or prosecuted in this State to recover damages for a death occurring outside of this State." The Court held this 1903 amendment forbade the bringing or prosecution of any action in Illinois for alleged wrongful deaths occurring from acts outside of Illinois; it took away from the Court the jurisdiction it formerly had; it had the same effect as the repeal of a statute to that extent, and it applied retroactively to this alleged cause of action and pending suit. The further prosecution thereof was held to be prohibited by the 1903 amendment, and the defendant's motion for a directed verdict should have been allowed. The Court held the plaintiff had no vested right in the statute of 1853, as it existed prior to the 1903 amendment; there is no vested right in a public law which is not in the nature of a private grant, and however beneficial an act may be or however injuriously its repeal may affect a person, the legislature would clearly have the right to abrogate it.

Orlicki v. McCarthy (1954) 4 Ill.2d 342, 2 Ill. App.2d 182, though not an alleged wrongful death case under the Injuries Act, is an analogous case involving a death allegedly due to an intoxicated person and the plaintiff's alleged loss of support because thereof allegedly caused by the defendants, owners or operators of certain dramshops, a suit under the Dramshop Act, or Liquor Control Act, and a time limitation for suit amendment of that act. The death occurred July 10, 1949. At that time, under the general limita-

464

tions statute, a suit for alleged loss of support under the Dramshop Act could be brought within 5 years of the death. As of August 10, 1949 the Dramshop Act was amended to provide, inter alia, "every action hereunder shall be commenced within two years next after the cause of action accrued." The suit was filed September 27, 1951. The Court held the 1949 time limitation amendment applied retroactively to causes of action arising prior to the enactment of the amendment, as here, July 10, 1949, and the suit not having been filed until September 27, 1951, more than 2 years after the death, it was barred by the 1949 amendment. The Court said the only rights within the protection of the saving statute relating to construction, Ch. 131, Ill. Rev. Stats., 1953, par. 4, are "vested rights," which terminology, however, defies precise definition; that amendments relating to matters of procedure or remedy have normally been excepted from that saving statute, though there is no simple formula to determine when an amendment relates to procedure, or to a substantive right; and there is an imposing body of precedent applying time limitation amendments to statutes retroactively, either because the amendments defined jurisdiction and the statutes in force when the suit is started apply, or because such amendments were procedural or remedial in nature and did not impair vested rights. The Court concluded the legislature, which created the rights under the Liquor Control Act, could repeal those rights; the legislature had, in a measure, done so by amending the act and imposing time limitations on suits thereunder; the legislature intended this amendment should apply retroactively; and even if such intention were not ascertainable this amendment should be applied retroactively on the basis of the substantial precedent holding such time limitation amendments to be procedural in character. The Court discussed Carlin v. Peerless Gas Light Co., supra, Wall v. Chesapeake and O. R. Co., supra,

465

and Clark v. Kansas City St. L. and C. R. Co. (1908) 219 Mo. 524, 118 S. W. 40, and made an extensive examination of many other cases. The Appellate Court 2 Ill.App.2d 182, in the Orlicki case had reached the same conclusion as the Supreme Court, and in its opinion also discussed the Carlin and Wall cases, and many others.

In Fourt v. De Lazzer (1952) 348 Ill. App. 191, the Appellate Court for the Fourth District had, prior to Orlicki v. McCarthy, supra, reached the same conclusion as in that case as to the retroactive applicability of the 1949 time limitation for suit amendment to the Dramshop Act to an alleged cause of action for loss of support arising prior to the amendment. In Fourt v. De Lazzer the death occurred April 20, 1946. The suit was filed sometime after August 10, 1949, the effective date of the 1949 amendment. The Court discussed Wall v. Chesapeake and O. R. Co. (1919) 290 Ill. 227, referred to other cases, and said the legislature intended the 1949 amendment to operate as to all actions instituted thereunder whether the incidents occurred prior to or after the effective date of the amendment; there is nothing to indicate the legislature intended the 1949 amendment to be inoperative as to occurrences prior to its effective date; the limitation provision in force when the suit was filed governs, rather than the provision in effect when the occurrences giving rise to the claim happened; the right of action is statutory and the Court's jurisdiction can be exercised only subject to the limitation provision prescribed in the statute in effect when the jurisdiction is invoked; and the plaintiffs had no vested right in the statute in force April 20, 1946 when the incidents occurred since it was amended prior to the institution of the suit.

In Clark v. Kansas City St. L. and C. R. Co. (1908) 219 Mo. 524, a case discussed in Orlicki v. McCarthy, supra, the alleged wrongful death occurred July 21,

1904. A suit was originally started September 20, 1904, transferred to the Federal Court, and on August 19, 1905 the plaintiff suffered a nonsuit. A second suit was started September 11, 1905, more than one year after the alleged cause of action arose. At the time the alleged cause of action arose the statute provided "every action . . . shall be commenced within one year after the cause of action shall accrue." On April 12, 1905, effective June 16, 1905, after the cause of action arose, that statute was repealed and a new statute enacted to the effect that every action should be commenced within one year after the cause of action accrues, but that if an action were so commenced and the plaintiff suffered a nonsuit, etc., the plaintiff may commence a new action within one year after the nonsuit etc. The Court held, on this point, that the new 1905 statute applied retroactively to the case and the cause of action arising in 1904. This retrospective act, which, in effect, enlarged the time limitation for bringing suit, the Court said, did not impair any existing vested civil right,—it related only to remedies and procedure, since it was of that character there was no presumption it was to be construed prospectively only,—it applied retrospectively, and the statute did not say it was to operate only upon cases to be brought thereafter.

Bretthauer v. Jacobson (1909) 79 N. J. L. 223, referred to by the defendant, though it appears to support the defendant's general position, is not persuasive as to what the law of Illinois is, under the circumstances, and in the light of the other cases previously referred to.

Theodosis v. Keeshin Motor Express Co., Inc. (1950) 341 Ill. App. 8, discussed by the defendant, held that a 1947 amendment to the Injuries Act which increased the limit of recovery for a wrongful death from $10,-000 to $15,000 was not retroactive as to a cause of action arising November 1, 1946. In the course of the

opinion the Court recognized that, p. 19, there is support for the point of view that a statute relating to limitations of time for suit may be applied retroactively. In Orlicki v. McCarthy, supra, when that case was in the Appellate Court, 2 Ill.App.2d 182, being the same Appellate Court that decided the Theodosis case, the Court considered the Theodosis case and said, p. 186, "In deciding Theodosis v. Keeshin etc., supra, we felt there was a distinction between the retroactive application of an Act limiting the time within which a death action may be brought and of an Act which increased the amount of recovery." And the Supreme Court in Orlicki v. McCarthy, 4 Ill.2d 342, also considered the Theodosis case, and said, p. 351, that it did not hold that changes relating to time were substantive rather than procedural.

 There can be no quarrel with the general canons of statutory construction indicated in these representative cases cited by the defendant: Anderson v. Board of Education of School Dist. No. 91 (1945) 390 Ill. 412, People v. United Medical Service, Inc. (1936) 362 Ill. 442, and S. Buchsbaum & Co. v. Gordon (1945) 389 Ill. 493, to the effect that a statute will be deemed to operate prospectively only, and will not be presumed to have retroactive operation unless the language employed is so clear that it will admit of no other construction; that where two statutes successively enacted, with relation to the same subject, are seemingly repugnant, it is the duty of the Court so to construe them, if possible, that the subsequent act will not repeal the antecedent act, and if two constructions are possible that one will be adopted which supports rather than repeals by implication the earlier act; and that when two statutes pertaining to the same subject matter are passed at the same session of the legislature they will both be upheld unless they are so antagonistic that both cannot operate. Those cases are all wholly dissimilar from the instant case, how-

468

ever, do not involve the situation or type of amendatory statutes here involved, and are not determinative of this case.

■ Ch. 131, Ill. Rev. Stats., 1957, par. 4, also referred to by the defendant, the so-called saving statute, provides so far as material,—"No new law shall be construed to repeal a former law, . . . as to any act done, . . . or any right accrued, or claim arising under the former law, or in any way whatever to affect any . . . act . . . done, . . . or any right accrued, or claim arising before the new law takes effect, save only that the proceedings thereafter shall conform, so far as practicable, to the laws in force at the time of such proceeding." The only rights within the protection of that statute are "vested rights": Orlicki v. McCarthy, supra. The statute has been in effect since 1874. It was not thought to be determinative in or to require a different result in Carlin v. Peerless Gas Light Co., supra, Wall v. Chesapeake and O. R. Co., supra, Orlicki v. McCarthy, supra, or Fourt v. De Lazzer, supra. The defendant here had no vested right in the one year time limitation upon suit for alleged wrongful death provision of Section 2 of the Injuries Act of 1853, as amended, as it was at the time the alleged cause of action arose, or as provided by the first 1955 amendment thereof, passed June 2, 1955 and approved June 9, 1955.

■ We think that the two year time limitation provision in the last 1955 amendment to the Act, House Bill 777, approved July 14, 1955, in view of its terms and the authorities, should be applied retroactively to causes of action occurring prior to its enactment, as well as prospectively, on the grounds that the amendment as to time of suit is procedural in character, and remedial, and the legislature so intended. Inasmuch as the plaintiff's suit was filed within two years of the death of the plaintiff's intestate, it was not barred.

The judgment dismissing the suit was, therefore, in error, and is reversed and remanded with directions to deny the defendant's motion to dismiss.

Reversed and remanded with directions.

WRIGHT, P. J. and SOLFISBURG, J., concur.