MARY SILTMAN *et al.*, Plaintiffs-Appellants, *v.* THE CITY OF JACKSONVILLE, Defendant-Appellee.

Fourth District    No. 13586

Opinion filed January 6, 1977.

Knuppel, Grosboll, Becker & Tice, of Petersburg, for appellants.

Rammelkamp, Bradney, Hall & Dahman, of Jacksonville (James R. Reilly, Jr., of counsel), for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

On June 18, 1974, plaintiffs Mary Siltman and Frank Siltman, her husband, filed a complaint in the Circuit Court of Morgan County against defendant, The City of Jacksonville, alleging that defendant's negligent maintenance of its sidewalks had caused plaintiff Mary Siltman to suffer personal injuries. She sued for compensation for those injuries and her husband sued for loss of consortium. Upon motion of defendant, that complaint was dismissed but plaintiffs were given leave to file an amended complaint. On September 23, 1975, an amended complaint was filed. This complaint was also dismissed upon defendant's motion. Plaintiffs stand upon that complaint and appeal.

At issue is the application of the notice requirements of section 8—102 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1971, ch. 85, ch. 8—102). Prior to October 1, 1973, that section provided that a person about to sue a local governmental entity for an injury must, within 6 months from the date of the injury, personally serve a written notice, containing certain information, "in the office of the Secretary or Clerk" of the entity. Effective October 1, 1973, that section was amended to state that the notice was to be served within 1 year of the injury and that the service could also be made by registered or certified mail, return receipt requested. The amendment contained no savings clause.

The injury was alleged to have occurred on June 27, 1973. The information before the trial court at the hearing on the motion to dismiss showed that a letter sufficient in contents to comply with section 8—102 was sent by plaintiffs to the mayor of Jacksonville by being deposited with the United States Postal Service on August 1, 1973. On September 6, 1973, the city attorney of Jacksonville wrote to plaintiffs acknowledging

the letter but denying fault on the part of the defendant and refusing to pay damages. Thus within 6 months of the injury, actual written notice containing all of the required information was in the possession of the persons dealing with claims at the highest echelon of the city government.

Recent Supreme Court cases have tended to relax the notice requirements of section 8—102. In *Helle v. Brush* (1973), 53 Ill. 2d 405, 292 N.E.2d 372, no notice was required when suit was filed as a counterclaim. In *Reynolds v. City of Tuscola* (1971), 48 Ill. 2d 339, 270 N.E.2d 415, service by registered mail with return receipt was ruled to be sufficient. More recently, in *Repaskey v. Chicago Transit Authority* (1975), 60 Ill. 2d 185, 326 N.E.2d 771, however, the court ruled that oral notice supplemented by an affidavit and medical report all given to defendant's claim adjuster was insufficient. The court stated that in *Reynolds* it had not intended to indicate that actual notice to an agent of a local entity was sufficient notice. For the reasons hereafter stated, we need not determine whether the method of serving notice in the instant case was sufficient.

■■ At the time the case was dismissed, the trial court did not have the benefit of the decision in *Saragusa v. City of Chicago* (1976), 63 Ill. 2d 288, 348 N.E.2d 176. There, the court ruled that failure of a plaintiff to give notice under section 8—102 is cured if suit is filed within the time specified for giving notice. Here, suit was filed within 1 year of the injury. The amendment extending the time for giving notice to 1 year took effect before the expiration of the 6-month period for giving notice specified under the section prior to the amendment. If the amendment is interpreted to extend to 1 year, the time for giving notice of injury in the instant case, any defect in the service of notice was cured.

In *Helle v. Brush* the court stated that the notice provision of section 8—102 was analogous to a provision limiting the time within which to bring suit. In *Orlicki v. McCarthy* (1954), 4 Ill. 2d 342, 122 N.E.2d 513, the court held that an amendment to the Liquor Control Act (Ill. Rev. Stat. 1949, ch. 43, par. 135) reducing the time for bringing suit from 2 years to 1 year barred action brought within the 2-year provision in effect at the time of the injury but not within the 1-year provision in effect at the time of suit. The opinion discussed various cases dealing with retroactive and prospective applications of changes in time limitations for bringing suit. The court concluded that most Illinois decisions had applied the change retroactively although some had given it only a prospective application. The decision was based upon the wording of the particular amendment and the general rule that the time limitation was a procedural matter that should be governed by the law in force at the time of the suit. *Orlicki* and the cases discussed in the opinion all involved statutory amendments which decreased the time within which suit could be filed.

The instant case involves an amendment which increased the period

within which notice might be given. The only Illinois case coming to our attention concerning the interpretation of an amendment increasing the period of time limitation is *Pratt v. Hayes* (1959), 20 Ill. App. 2d 457, 156 N.E.2d 290, 79 A.L.R.2d 1071. There, the court gave retroactive application to an amendment to section 2 of the Injuries Act (Ill. Rev. Stat. 1955, ch. 70, par. 2) which increased the time within which suit might be brought from 1 year to 2 years. The primary reason for the construction given by the court was the particular wording of the amendment. The court also considered that the amendment was remedial and concerned a matter of procedure. Annotations at 46 A.L.R. 1101 (1927) and annotations following the *Pratt v. Hayes* opinion at 79 A.L.R.2d 1082 (1961) indicate that decisions in most other States also give a retroactive effect to amendments which increase the time of a limitation period.

No case has come to our attention construing the application of the amendment to section 8—102 increasing the time within which notice may be given. In *Stanley v. Denning* (1970), 130 Ill. App. 2d 628, 264 N.E.2d 521, and *Schear v. City of Highland Park* (1968), 104 Ill. App. 2d 285, 244 N.E.2d 72, the court has ruled that enactment of section 8—102 does not bar suits existing under the common law at the time of the enactment of the section, if no other statute then placed a similar notice requirement on the plaintiff. One reason stated for the decisions was that compliance with the section was a condition precedent to suit and thus the requirement was a matter of substance rather than procedure. In *Helle v. Brush*, however, the Supreme Court subsequently stated that the notice requirement was not a condition precedent to suit. The decisions giving only a prospective application to the amendment to section 8—102 were principally based upon the unfairness of taking away a cause of action that existed before the amendment, particularly when some injured persons effected might not have had time to give the notice after the effective date of the amendment and before the time for giving notice had expired.

■■ No cause of action is destroyed by giving a retroactive application to the instant amendment increasing the time for giving notice. From the standpoint of the defendant, on the other hand, no vested right is destroyed. (*Pratt v. Hayes*.) The opinion in *Saragusa* describes the notice provision of section 8—102 as being an aid for discovery to the defendant. This would indicate that the notice provision is procedural in nature. The amendment is remedial rather than punitive in nature in that it reduces the restriction upon bringing suit. We conclude that the plaintiffs had 1 year from the date of injury to give notice to the defendant and that by filing suit within that period of time they cured any defect in the manner in which they gave notice to the defendant.

The order dismissing the complaint is reversed and the case is remanded to the Circuit Court of Morgan County.

Reversed and remanded.

CRAVEN, P. J., and TRAPP, J., concur.