MARTHA LEE, Plaintiff-Appellant, *v.* THE CITY OF ROCKFORD *et al.,* Defendants-Appellees.

Second District   No. 76-330

Opinion filed August 3, 1977.

John M. Boreen, of Lawrence J. Ferolie & Assoc., of Rockford, for appellant.

Stephen W. McCarty, of Rockford, for appellees.

Mr. JUSTICE GUILD delivered the opinion of the court:

On July 22, 1974, the plaintiff filed a two-count complaint charging the defendants with negligence. Count I alleged the acts of negligence against the City of Rockford; count II alleged that Herbert J. Holt and Edith Holt, owners of the property adjacent to the location at which the plaintiff fell, failed to maintain the sidewalk in a reasonably safe condition. On September 24, 1974, the circuit court entered judgment dismissing count II of the complaint. No appeal was taken from that order. On June 21, 1976, the circuit court entered an order granting the motion of the defendant City of Rockford for judgment on the pleadings as to count I. Plaintiff appeals from that order.

On the morning of July 23, 1973, plaintiff was walking on the south side of Maple Street when she stepped into a hole in the sidewalk, causing her to fall and injure herself. On October 25, 1973, the plaintiff served upon the city clerk of Rockford a notice, pursuant to the provisions of section 8—102 of the Local Governmental and Governmental Employee's Tort Immunity Act. Ill. Rev. Stat. 1971, ch. 85, par. 8—102.

The City of Rockford filed its answer to count I of the complaint on August 23, 1974. In its answer the city denied that the plaintiff was in the exercise of ordinary care for her own safety; denied that the plaintiff was injured as a direct and proximate result of any alleged negligence by the defendant; and denied that the city was negligent in failing to maintain or repair the sidewalk in question. The answer also admitted that the statutory notice was duly served upon the city clerk.

On May 5, 1976, the city filed a motion for judgment on the pleadings. The ground assigned for the motion was that the notice of injury was defective as it did not include a statement of the "general nature of the accident," contrary to the requirements of section 8—102 of the Tort Immunity Act. The plaintiff, on May 10, 1976, filed an objection to the

motion for judgment on the pleadings, contending that by answering the complaint without raising any insufficiency in the statutory notice, the city had raised issues of fact which could not be determined on a motion for judgment on the pleadings.

Although the plaintiff herein has asserted various issues on this appeal, they all have to do with the application of the notice requirements of section 8—102 of the Tort Immunity Act. Initially, we note that the notice filed with the city by the plaintiff was defective in that it failed to include a statement of the "general nature of the accident." Cf. *Zavala v. City of Chicago* (1977), 66 Ill. 2d 573, 363 N.E.2d 848. The complaint filed herein, however, does set forth the nature of the accident and injuries received.

This issue concerning application of section 8—102 of the Tort Immunity Act was squarely presented in *Siltman v. City of Jacksonville* (1977), 44 Ill. App. 3d 874, 875, 358 N.E.2d 949, *viz*:

> "Prior to October 1, 1973, that section provided that a person about to sue a local governmental entity for an injury must, within 6 months from the date of the injury, personally serve a written notice, containing certain information, 'in the office of the Secretary or Clerk' of the entity. Effective October 1, 1973, that section was amended to state that the notice was to be served within 1 year of the injury and that the service could also be made by registered or certified mail, return receipt requested. The amendment contained no savings clause."

The court in *Siltman* noted that suit was filed within one year from the date of the injury, the accident therein occuring on June 27, 1973, and the suit being filed June 18, 1974. In the case before us the suit was filed on the 364th day after the injury, but within the one year statute as amended. As the court stated:

> "The amendment extending the time for giving notice to 1 year took effect before the expiration of the 6-month period for giving notice specified under the section prior to the amendment. If the amendment is interpreted to extend to 1 year, the time for giving notice of injury in the instant case, any defect in the service of notice was cured." 44 Ill. App. 3d 874, 876, 358 N.E.2d 949, 950.

■■ We agree with the court in *Siltman* that the required notice is procedural and the amendment remedial in nature. This amendment, extending the time for filing of the notice to one year, should be applied retroactively to injuries such as that involved here which occurred a little over three months prior to the effective date of the amendment extending the notice requirement to one year.

Having found that the notice requirement of section 8—102 is extended to one year from the date of the accident, we turn then to the question of

whether filing suit within one year cures the defective notice which had omitted the "general nature of the accident."

■■  This issue was presented in *Saragusa v. City of Chicago* (1976), 63 Ill. 2d 288, 348 N.E.2d 176, and in *Dunbar v. Reiser* (1976), 64 Ill. 2d 230, 356 N.E.2d 90. *Dunbar* specifically overruled *Erford v. City of Peoria* (1907), 229 Ill. 546, 82 N.E. 374, which had held that the giving of proper notice was mandatory. Both *Dunbar* and *Saragusa*, in substance, held that when the complaint is filed within six months from the date of the injury, defective notice or the failure to serve the required notice at all, is cured by the filing of the complaint before the time to serve notice has expired. Therefore, under the holdings in *Dunbar* and *Saragusa*, and under the retroactive application of the amended statute extending the time for filing the notice to one year as set forth in *Siltman*, we find that the filing of the complaint within one year satisfied the amended notice requirement of section 8—102 of the Tort Immunity Act.

■■  We therefore find that the trial court erroneously granted the defendant's motion for judgment on the pleadings based upon the plaintiff's failure to comply with all elements of section 8—102 of the Tort Immunity Act. The judgment of the circuit court of Winnebago county is accordingly reversed and the cause is remanded with directions to deny the defendant's motion to dismiss.

Reversed and remanded with instructions.

RECHENMACHER, P. J., and WOODWARD, J., concur.